# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF FORM.)

## I. (a) PLAINTIFFS

ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT

## DEFENDANTS

UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10

(b) County of Resident of First Listed Plaintiff: Lehigh County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York County, NY
(IN U.S. PLAINTIFF CASES ONLY)

(c) ATTORNEYS (FIRM NAME AND TELEPHONE NUMBER)
Paul R. Rosen, Esquire
James Bucci, Esquire
Beth Lincow Cole, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX – (215) 241-8844

ATTORNEYS IF KNOWN:

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for Plaintiff and one box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury-- Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Services |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth In Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| | | | | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| | | | | ☐ 864 SSID Title XVI | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff) or Defendant | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS--Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. §2721, et seq.
Plaintiffs are asserting claims under the federal Drivers Privacy Protection Act and related state law claims.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions): JUDGE_____ DOCKET NUMBER_____
N/A

DATE 6-28-4    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

Receipt #_____ Amount_____ Applying IFP_____ Judge_____ Mag. Judge_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See ' 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. '2241 through '2255.  ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2  ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See revise side of this form for a detailed explanation of special management cases.)  ( )

(f)     Standard Management -- Cases that does not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| June 24, 2004 | Paul R. Rosen, Esq.<br>James Bucci, Esq.<br>Beth Lincow Cole, Esq. | Plaintiffs |
| Date | Attorneys-at law | Attorneys for |

| | | |
|---|---|---|
| 215-241-8888 | 215-241-8844 | |
| Telephone | Fax Number | E-mail Address |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2149 East Boulevard, Bethlehem, Pennsylvania 18017

Address of Defendant: 275  7th Avenue, New York, NY  10001-6708

Place of Accident, Incident or Transaction:  alleged by Plaintiffs to be within Eastern District of Pennsylvania

*(Use Reverse Side for Additional Space)*

Does this case have multidistrict litigation possibilities?     Yes ☐     No ☒

RELATED CASE IF ANY: N/A

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court:     Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐     No ☐

CIVIL: (Place ☒ in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION (*Check appropriate Category*)

I, _James Pacei_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought.

Date: _____  6/28/4 _____     63/75
                  Attorney at Law              Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date:  6/28/4 _____     63/75
                  Attorney at Law              Attorney I.D. #

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2149 East Boulevard, Bethlehem, Pennsylvania 18017

Address of Defendant: 275   7th Avenue, New York, NY 10001-6708

Place of Accident, Incident or Transaction: alleged by Plaintiffs to be within Eastern District of Pennsylvania

*(Use Reverse Side for Additional Space)*

Does this case have multidistrict litigation possibilities?                                                        Yes ☐   No ☒

RELATED CASE IF ANY: N/A

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court:   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☐

CIVIL: (Place ☒ in *ONE CATEGORY ONLY*)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases (Please specify)

ARBITRATION CERTIFICATION (*Check appropriate Category*)
I, _____James Bruce_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought.

Date: 6/28/4   _____   63175
         Attorney at Law      Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 6/28/4   _____   63175
         Attorney at Law      Attorney I.D. #

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10<br>　　　　　Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

Plaintiffs, Elizabeth Pickler, Kathleen Kelly, Russell Christian, Deborah Brown, Seth Nye, Holly Martsen, Kevin Quinn, Jose L. Sabastro, Deborah A. Sabastro, Thomas Riley, Amy Riley, Russell Daubert and Carri Daubert, by and through their attorneys, Spector, Gadon & Rosen, P.C., allege and aver as follows:

I. **JURISDICTION AND VENUE**

1. This Court has statutory jurisdiction over the causes of action set forth in this Complaint pursuant to 28 U.S.C. § 1331, and over the state law claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a).

2. This Court has specific personal jurisdiction over Defendants as each has purposefully committed, within the Commonwealth of Pennsylvania, the acts from which these

claims arise and/or has committed unlawful acts outside Pennsylvania, knowing and intending that such acts would cause injury within the Commonwealth of Pennsylvania. The Court also has general personal jurisdiction over Defendants as each conducts continuous, systematic, and routine business within the Commonwealth of Pennsylvania.

3. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(a)-(b) as Defendants are subject to personal jurisdiction in this judicial district and a substantial part of the events and harm giving rising to the claim occurred in this judicial district.

## II.     PARTIES

### PLAINTIFFS

4. Plaintiff, Elizabeth Pickler, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2149 East Boulevard, Bethlehem, Pennsylvania 18017.

5. Plaintiff, Kathleen Kelly, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4104 Bayard Street, Easton, Pennsylvania 18045.

6. Plaintiff, Russell Christian, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4104 Bayard Street, Easton, Pennsylvania.

7. Plaintiff, Deborah Brown, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1318 S. 10th Street, Emmaus, Pennsylvania 18049.

8. Plaintiff, Seth Nye, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2180 Mill Hill Road, Quakertown, Pennsylvania 18951.

9. Plaintiff, Holly Martsen, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1660 Cross Lane, Bethlehem, Pennsylvania 18015.

10. Plaintiff, Kevin Quinn, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4448 Creek Road, Allentown, Pennsylvania 18104.

11.    Plaintiff, Jose L. Sabastro, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2986 Seisholtville Road, Macungie, Pennsylvania 18062.

12.    Plaintiff, Deborah A. Sabastro, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2986 Seisholtville Road, Macungie, Pennsylvania 18062.

13.    Plaintiff, Thomas Riley, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 6656 Pioneer Drive, Macungie, Pennsylvania 18062.

14.    Plaintiff, Amy Riley, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 6656 Pioneer Drive, Macungie, Pennsylvania 18062.

15.    Plaintiff, Russell Daubert, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 5612 N. Coplay Road, Whitehall, Pennsylvania 18052.

16.    Plaintiff, Carri Daubert, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 5612 N. Coplay Road, Whitehall, Pennsylvania 18052.

## DEFENDANTS

17.    Defendant, Union of Needletrades, Industrial & Textile Employees AFL-CIO ("UNITE"), is and at all times mentioned herein has been, an unincorporated association and labor organization consisting of more than two (2) persons who are associated and are transacting business under that common name in New York and elsewhere.

18.    Defendant, Bruce Raynor ("Raynor"), is, and at all times mentioned herein has been, an individual residing in the state of New York. Raynor is, and at all times mentioned herein has been, the President of UNITE. On information and belief, Raynor caused UNITE and others (including those whose identities are not presently known and are sued herein as Doe defendants) to engage in, as well as personally directed, authorized or otherwise supervised, the unlawful conduct alleged herein.

19.    Defendant, International Brotherhood of Teamsters AFL-CIO ("Teamsters"), is and at all times mentioned herein has been, an unincorporated association and labor organization consisting of more than two (2) persons who are associated and are transacting business under

3

that common name in Washington, D.C. and elsewhere. In or about 2003, Teamsters and UNITE announced a partnership to organize workers at Cintas.

20.  Plaintiffs are unaware of the true names, identities and capacities of Does 1 through 10, inclusive, and therefore sue them by fictitious names. Plaintiffs are informed and believe and, on that basis, allege that each of the Doe Defendants in some way caused and is responsible for the damages alleged in this action. All allegations referring to the named Defendants refer in like manner to those Defendants identified as Does 1 through 10, inclusive. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint accordingly.

21.  Plaintiffs are informed and believe and on that basis allege that at all times material hereto, each of the Defendants was the agent and employee of the other Defendants or, in the alternative, acted pursuant to a common design or conspiracy, each with the other, and in performing the acts herein complained of acted within the course and scope of their respective agency and employment or in the furtherance of said common design or conspiracy or, in the alternative, aided and abetted the other Defendants in performing the acts herein alleged.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE DRIVER'S PRIVACY PROTECTION ACT (18 U.S.C. § 2721, *et seq.*)
### (Against All Defendants)

22.  Plaintiffs incorporate by reference and reallege paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.  Plaintiffs Elizabeth Pickler, Kathleen Kelly, Deborah Brown, Seth Nye, Kevin Quinn, Jose L. Sabastro, Thomas Riley and Russell Daubert are employed by Cintas Corporation ("Cintas"). Cintas is the nation's largest industrial uniform provider. At all times relevant herein, the aforementioned Plaintiffs worked at Cintas' facility located in Allentown, Pennsylvania. Plaintiffs Russell Christian, Holly Martsen, Deborah A. Sabastro, Amy Riley and

Carri Daubert are not employees of Cintas and have never been employed by Cintas, but are spouses, family members and/or otherwise reside with Plaintiffs employed by Cintas.

24. Plaintiffs are informed and believe and on that basis allege, that in or about 2003, Defendants commenced a so-called "corporate campaign" against Cintas, by which Defendants sought to unionize Cintas' workforce without affording its employees the right to choose for themselves whether or not to be represented by a union through a secret ballot election. As part of this so-called corporate campaign against Cintas, Defendants sought to enlist the support of Cintas' employees working at the Allentown, Pennsylvania facility.

25. At no time have Plaintiffs voluntarily disclosed their personal information to Defendants or their representatives and have not requested that UNITE or Teamsters contact them at home.

### ELIZABETH PICKLER

26. Plaintiff Elizabeth Pickler drives her automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Pickler's name and is registered at the address where Pickler resides.

27. In the Winter of 2004, a representative of UNITE contacted Pickler when he visited, without invitation, her personal residence and attempted to discuss the union. Pickler is not listed in the telephone book.

### KATHLEEN KELLY and RUSSELL CHRISTIAN

28. Plaintiff Kathleen Kelly drives Plaintiff Russell Christian's automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Christian's name and is registered at the address where Kelly and Christian reside together.

29. On the Winter of 2004, a representative of UNITE and/or Teamsters contacted Plaintiffs Kelly and Christian, when he visited, without invitation, their personal residence, asked for Russell Christian by name, asked if he worked for Cintas and said he was with the union.

### DEBORAH BROWN

30. Plaintiff Deborah Brown drives her spouse's automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Brown's spouse's name, Roger Brown, and is registered at the address where Plaintiff Brown resides.

31. In the Winter of 2004, representatives of UNITE contacted Deborah Brown when they visited, without invitation, her personal residence, asked for her spouse Roger Brown, said they were with UNITE and attempted to discuss the union. Neither Plaintiff Brown nor Roger Brown is listed in the telephone book.

### SETH NYE and HOLLY MARTSEN

32. Plaintiff Seth Nye drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in the name of Nye and his mother, Plaintiff Holly Martsen, and is registered at the address where Martsen resides.

33. In the Winter of 2004, a representative of UNITE contacted and attempted to contact Nye and Martsen when he visited, without invitation, Martsen's personal residence, said he was from the union, said he was "going from door to door to get support for the union" and said he wanted to represent Cintas workers. Martsen told the union representative her son Plaintiff Nye was a management trainee wherein the union representative said "he's one of those" and left Martsen's property. Martsen additionally received a mailing from the union addressed to her at her personal residence.

### KEVIN QUINN

34. Plaintiff Kevin Quinn drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Quinn's name and is registered at the address where Quinn resides.

35. In the Winter of 2004, representatives of UNITE contacted Quinn when they visited, without invitation, his personal residence, asked for Quinn attempting to discuss the union. Quinn is not listed in the telephone book.

### JOSE L. SABASTRO and DEBORAH A. SABASTRO

36.     Plaintiff Jose L. Sabastro drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Jose L. Sabastro's name and is registered at the address where Plaintiff Jose L. Sabastro resides with his spouse, Plaintiff Deborah A. Sabastro.

37.     In the Winter of 2004, representatives of Teamsters contacted Jose L. Sabastro when they visited, without invitation, he and his spouse's Deborah Sabastro's home, said they were from Teamsters, and attempted to discuss the union with him. Additionally, representatives of UNITE contacted Jose L. Sabastro when they sent a mailing to Jose L. Sabastro to his personal residence, which is not listed in the telephone book.

### THOMAS RILEY and AMY RILEY

38.     Plaintiff Thomas Riley drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in his name and that of his spouse, Amy Riley, and is registered at the address where Plaintiffs Thomas and Amy Riley reside.

39.     In the Winter of 2004, representatives of UNITE and/or Teamsters contacted Plaintiffs Thomas and Amy Riley when they visited, without invitation, their personal residence, said they were with UNITE Teamsters and attempted to discuss the union. Plaintiffs Thomas and Amy Riley are not listed in the telephone book.

### RUSSELL DAUBERT and CARRI DAUBERT

40.     Plaintiff Russell Daubert drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in Daubert's name and his spouse Plaintiff Carri Daubert's name and is registered at the address where Russell and Carri Daubert reside.

41.     In the Winter of 2004, a representative of UNITE contacted Russell and Carri Daubert when they called their personal residence.

### ALLEGATIONS CONCERNING ALL PLAINTIFFS

42.     Plaintiffs are informed and believe and on that basis allege that Defendants obtained Plaintiffs' home addresses by obtaining the license plate information of those automobiles driven by those Plaintiffs who are employed by Cintas, to Cintas through

7

surveillance of Cintas' Allentown facility, and then gaining unlawful access or causing others to gain unlawful access to non-public motor vehicle records maintained by the Commonwealth of Pennsylvania, that contain personal information (including home address and telephone number) of the person or persons to whom the motor vehicle is registered. Having obtained non-public information of the motor vehicle's registered owner, Defendants then disclosed and/or used that information to contact and attempt to contact Plaintiffs at their personal residences, or what Defendants believed to be Plaintiffs' personal residences.

43. At no time have Plaintiffs consented to Defendants being provided, disclosing, obtaining and/or using Plaintiffs' personal information contained in non-public motor vehicle records maintained by the Commonwealth of Pennsylvania.

44. Plaintiffs are informed and believe and on that basis allege that at all times Defendants knew that, without first obtaining Plaintiffs' consent, it was unlawful to access, disclose, obtain and/or use Plaintiffs' personal information contained in non-public motor vehicle records maintained by the Commonwealth of Pennsylvania.

45. The aforementioned conduct of Defendants constitutes a violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq*.

46. As a direct and proximate result of Defendants' conduct set forth above, Plaintiffs have suffered damages, including but not limited to anxiety and emotional distress, in an amount to be proved at trial.

47. As a direct and proximate result of Defendants' conduct set forth above, Plaintiffs are entitled, at a minimum, to $2,500 in liquidated damages, pursuant to 18 U.S.C. § 2724, as well as all other damages available at law, plus costs and attorneys' fees.

48. Plaintiffs are informed and believe and on that basis allege that Defendants acted in willful, or at the very least reckless, disregard of the law, in that Defendants knew it was unlawful to access, disclose, obtain and/or use Plaintiffs' personal information from non-public motor vehicle records maintained by the Commonwealth of Pennsylvania, in violation of the

DPPA. Accordingly, Plaintiffs are entitled to punitive damages pursuant to 18 U.S.C. § 2724(b)(2).

49. Plaintiffs are informed and believe and on that basis allege that unless restrained and enjoined by this Court, Defendants will continue to unlawfully use Plaintiffs' confidential information and invade Plaintiffs' privacy to Plaintiffs' substantial detriment, as well as invading the privacy of others. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF FOR INVASION OF PRIVACY
### (Intrusion Upon Seclusion)
### (Against All Defendants)

50. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 49, inclusive, as though fully set forth herein.

51. In addition to the restrictions and prohibitions set forth in the DPPA, the Pennsylvania Department of Transportation has issued a public notice stating, among other things, that it "will not process any requests for information without either a signed release by the driver/owner or a notarized statement of intended use by an authorized requester."

52. Plaintiffs are informed and believe and on that basis allege that Defendants intentionally and substantially invaded Plaintiffs' privacy by surveying the parking lot of the Cintas Allentown facility, copying license plate information appearing on the motor vehicle that Plaintiffs drove to work, accessing themselves or causing others to access non-public motor vehicle records maintained by the Commonwealth of Pennsylvania, and then using such non-public information that they obtained to contact and/or attempt to contact Plaintiffs at their personal residences, or what Defendants believed to be Plaintiffs' personal residences.

53. Plaintiffs are entitled to have their personal information remain confidential and not disclosed, obtained and/or used in the matter described herein and in addition, not to be disturbed at their personal residences through the unauthorized access to and use of personal contact information contained in non-public motor vehicle records maintained by the Commonwealth of Pennsylvania.

54.   By virtue of the acts and conduct described above, Defendants have invaded Plaintiffs' privacy in a manner that is highly offensive and objectionable to Plaintiffs.

55.   Plaintiffs are informed and believe and on that basis allege that as a direct and proximate result of the aforementioned conduct of Defendants, Plaintiffs have suffered mental suffering and anxiety. Such acts and conduct invade Plaintiffs' privacy and constitute the tort of intrusion upon seclusion under the common law.

56.   All actions undertaken by Defendants were outrageous, willful and malicious and without legal justification or excuse. They were undertaken by Defendants solely with the intent to harm Plaintiffs.

57.   Plaintiffs are informed and believe and on that basis allege that unless restrained and enjoined by this Court, Defendants will continue to unlawfully access Plaintiffs' confidential information and invade Plaintiffs' privacy to Plaintiffs' substantial detriment, as well as invade the privacy of others. Plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF FOR INVASION OF PRIVACY
### (Civil Conspiracy)
### (Against All Defendants)

58.   Plaintiffs reallege and incorporate by reference Paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.   Upon information and belief, Defendants agreed and conspired with each other to engage in the unlawful and improper acts described above, including but not limited to invading the privacy of Plaintiffs.

60.   Defendants' conspiracy and overt acts in furtherance of their unlawful and improper conduct have been and continue to be malicious, wanton and willful, and in deliberate and intentional violation of Plaintiffs' known legal rights.

61. Defendants' conduct has been outrageous under the circumstances, thereby warranting the imposition of punitive damages.

62. As a direct and proximate result of Defendants' aforesaid conduct, Plaintiffs have been and will continue to be damaged irreparably, in the manner described above, the precise amount to be ascertained at trial.

63. Plaintiffs have suffered and continue to suffer irreparable harm until this Court grants preliminary and permanent injunctive relief against Defendants prohibiting them from contacting Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

On the first claim for relief against Defendants, jointly and severally:

1. For damages in a sum according to proof thereof, with interest thereon at the legal rate, but not less than liquidated damages in the amount of $2,500 against each defendant;

2. For punitive damages, the exact amount of which has yet to be ascertained, in order to punish Defendants for their willful and reckless disregard of the DPPA and to deter such future violations;

3. For an award of reasonable attorney's fees pursuant to 18 U.S.C. § 2724(b)(3);

4. For cost of the suit incurred herein;

5. For a preliminary and permanent injunction, enjoining and restraining each of these Defendants, and any of their respective agents, servants, independent contractors, attorneys, employees, directors, officers, representatives and all persons in active concert and participation with them from obtaining Plaintiffs' personal information, disclosing the information, using the information, contacting Plaintiffs, and visiting the home of Plaintiffs, and doing so to others, and

6. For such other and further relief as the Court deems just and proper.

On the second and third claims for relief against Defendants, jointly and severally:

1. For damages in a sum according to proof thereof, with interest thereon at the legal rate;

2. For punitive damages, the exact amount of which has yet to be ascertained, in order to punish Defendants for malicious actions and to deter such future violations;

3. For cost of the suit incurred herein;

4. For a preliminary and permanent injunction, enjoining and restraining each of these Defendants, and any of their respective agents, servants, independent contractors, attorneys, employees, directors, officers, representatives and all persons in active concert and participation with them from obtaining Plaintiffs' personal information, contacting Plaintiffs, and visiting the home of Plaintiffs, and doing so to others; and

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

SPECTOR GADON & ROSEN, P.C.

Dated: June 28, 2004

By: /s/ James Bucci

Paul R. Rosen (Atty. ID No.: 13396)
EFC No.: PR2326
James Bucci (Atty. ID No. 63175)
EFC No.: JB1757
Beth Lincow Cole (Atty. ID No. 81042)
EFC No.: BC1124
1635 Market Street, 7th Floor
Philadelphia, PA 19103
215-241-8888

Attorneys for Plaintiffs
Elizabeth Pickler, Kathleen Kelly,
Russell Christian, Deborah Brown, Seth
Nye, Holly Martsen, Kevin Quinn,
Jose L. Sabastro, Deborah A. Sabastro,
Thomas Riley, Amy Riley, Russell Daubert
and Carri Daubert

## SUMMONS IN A CIVIL ACTION

| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | District:<br><br>Eastern District of Pennsylvania |
| Caption<br><br>ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT<br><br>Plaintiffs<br><br>v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10<br>Defendants. | Docket No.<br>To: (Name and Address of Defendant(s))<br><br>UNITE (Union of Needletrades, Industrial & Textile Employees AFL-CIO<br>275  7th Avenue<br>New York, NY  10001-6708 |
| YOU ARE HEREBY SUMMONED and required to serve upon | |
| Plaintiff's Attorney (Name and Address)<br><br>Paul Rosen, Esquire<br>James Bucci, Esquire<br>Beth Lincow Cole, Esquire<br>Spector Gadon & Rosen, P.C.<br>1635 Market Street, 7th Floor<br>Philadelphia, PA  19103<br>215-241-8888 | |
| an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. | |
| Clerk<br><br>Michael E. Kunz<br><br>(By) Deputy Clerk | Date:  June 28, 2004 |

# SUMMONS IN A CIVIL ACTION

| **UNITED STATES DISTRICT COURT** | District:<br><br>Eastern District of Pennsylvania |
|---|---|
| Caption<br><br>ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT<br><br>Plaintiffs<br><br>v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10<br>Defendants. | Docket No.<br>To: (Name and Address of Defendant(s))<br><br>Bruce Raynor<br>275  7th Avenue<br>New York, NY  10001-6708 |
|  | |

| YOU ARE HEREBY SUMMONED and required to serve upon |
|---|
| Plaintiff's Attorney (Name and Address)<br><br>Paul Rosen, Esquire<br>James Bucci, Esquire<br>Beth Lincow Cole, Esquire<br>Spector Gadon & Rosen, P.C.<br>1635 Market Street, 7th Floor<br>Philadelphia, PA  19103<br>215-241-8888 |
| an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. |

| Clerk<br><br>Michael E. Kunz<br><br>(By) Deputy Clerk | Date:  June 28, 2004 |
|---|---|

## SUMMONS IN A CIVIL ACTION

| **UNITED STATES DISTRICT COURT** | District:<br><br>Eastern District of Pennsylvania |
|---|---|
| Caption<br><br>ELIZABETH PICKLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT<br><br>Plaintiffs<br><br>v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10<br>Defendants. | Docket No.<br>To: (Name and Address of Defendant(s))<br><br>International Brotherhood of Teamsters AFL-CIO<br><br>25 Louisiana Avenue<br><br>NW, Washington, DC 20001 |
| YOU ARE HEREBY SUMMONED and required to serve upon ||
| Plaintiff's Attorney (Name and Address)<br><br>Paul Rosen, Esquire<br>James Bucci, Esquire<br>Beth Lincow Cole, Esquire<br>Spector Gadon & Rosen, P.C.<br>1635 Market Street, 7th Floor<br>Philadelphia, PA 19103<br>215-241-8888 ||
| an answer to the complaint which is herewith served upon you within twenty (20) days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. ||
| Clerk<br><br>Michael E. Kunz<br><br>(By) Deputy Clerk | Date: June 28, 2004 |