# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF FORM.)

## I. (a) PLAINTIFFS

ELIZABETH PICHLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT

## DEFENDANTS

UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10

**(b)** County of Resident of First Listed Plaintiff: Lehigh County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME AND TELEPHONE NUMBER)
Paul R. Rosen, Esquire
James Bucci, Esquire
Beth Lincow Cole, Esquire
SPECTOR GADON & ROSEN, P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8888 / FAX – (215) 241-8844

ATTORNEYS IF KNOWN:
Mark Featherman, Esquire
Willig Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
*(Counsel for UNITE and B. Raynor)*

Thomas Kohn, Esquire
Markowitz and Richman
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
*(Counsel for Teamsters)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for (For Diversity Cases Only) Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Services |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 864 SSID Tiitle XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff) or Defendant | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS--Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiffs are asserting violations of the federal Drivers' Privacy Protection Act, 18 U.S.C. sections 2721 et seq.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

*This is an amended Complaint (04-CV-2841).*

DATE 8/17/4    SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

Receipt # _____ Amount _____ Applying IFP _____ Judge _____ Mag. Judge _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| ELIZABETH PICHLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARTSEN, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT, Plaintiffs, v. UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10, Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See ' 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. '2241 through '2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2 ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See revise side of this form for a detailed explanation of special management cases.) (X)

(f)  Standard Management -- Cases that does not fall into any one of the other tracks.                                    ( X )

| August 18, 2004 | Paul R. Rosen, Esq.<br>James Bucci, Esq.<br>Beth Lincow Cole, Esq. | Plaintiffs |
|---|---|---|
| Date | Attorneys-at law | Attorneys for |

| 215-241-8888 | 215-241-8844 | jbucci@lawsgr.com |
|---|---|---|
| Telephone | Fax Number | E-mail Address |

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2149 East Boulevard, Bethlehem, Pennsylvania 18017

Address of Defendant: 275  7th Avenue, New York, NY 10001-6708

Place of Accident, Incident or Transaction: alleged by Plaintiffs to be within Eastern District of Pennsylvania; however, this is class action on behalf of all similarly-situated persons.
*(Use Reverse Side for Additional Space)*

Does this case have multidistrict litigation possibilities?  Yes ☐  No ☐
RELATED CASE IF ANY: N/A  This is an amended Complaint (04-CV-2841)
Case Number: N/A  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court:   Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐  No ☐

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (please specify) 18 U.S.C. sec. 2701 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases (Please specify)

ARBITRATION CERTIFICATION (Check appropriate Category)
I, James Ricci, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒ Relief other than monetary damages is sought.

Date: 8/17/4  Attorney at Law  Attorney I.D. # 63175

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 8/17/4  Attorney at Law  Attorney I.D. # 63175

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PICHLER, KATHLEEN KELLY, RUSSELL CHRISTIAN, DEBORAH BROWN, SETH NYE, HOLLY MARSTON, KEVIN QUINN, JOSE L. SABASTRO, DEBORAH A. SABASTRO, THOMAS RILEY, AMY RILEY, RUSSELL DAUBERT and CARRI DAUBERT, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO), a New York unincorporated association; BRUCE RAYNOR, a New York resident; INTERNATIONAL BROTHERHOOD OF TEAMSTERS AFL-CIO; and DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO. 04-CV-2841<br><br><br><br>JURY TRIAL DEMANDED |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Elizabeth Pichler, Kathleen Kelly, Russell Christian, Deborah Brown, Seth Nye, Holly Marston, Kevin Quinn, Jose L. Sabastro, Deborah A. Sabastro, Thomas Riley, Amy Riley, Russell Daubert and Carri Daubert, by and through their attorneys, Spector, Gadon & Rosen, P.C., on behalf of themselves and the class members, bring this lawsuit for monetary damages and declaratory and injunctive relief based upon Defendants' violations of the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*

I. **JURISDICTION AND VENUE**

1.  This Court has statutory jurisdiction over the causes of action set forth in this Complaint pursuant to 28 U.S.C. § 1331.

2.  Plaintiffs, on behalf of themselves and the class members, seek: (i) judicial determination that certain actions of Defendants violate the DPPA; (ii) judgment for damages to Plaintiffs and the class members, as a proximate result of Defendants' violations of the rights of Plaintiffs and the class members secured under the DPPA; and (iii) preliminary and a permanent injunction against Defendants from committing future violations.

3.  This Court has specific personal jurisdiction over Defendants as each has purposefully committed, within the Commonwealth of Pennsylvania, the acts from which these claims arise and/or has committed unlawful acts outside Pennsylvania, knowing and intending that such acts would cause injury within the Commonwealth of Pennsylvania. The Court also has general personal jurisdiction over Defendants as each conducts continuous, systematic, and routine business within the Commonwealth of Pennsylvania.

4.  Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(a)-(b) as Defendants are subject to personal jurisdiction in this judicial district and a substantial part of the events and harm giving rising to the claim occurred in this judicial district.

II. **PARTIES**

**PLAINTIFFS**

5.  Plaintiff, Elizabeth Pichler, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2149 East Boulevard, Bethlehem, Pennsylvania 18017.

6. Plaintiff, Kathleen Kelly, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4104 Bayard Street, Easton, Pennsylvania 18045.

7. Plaintiff, Russell Christian, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4104 Bayard Street, Easton, Pennsylvania.

8. Plaintiff, Deborah Brown, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1318 S. 10th Street, Emmaus, Pennsylvania 18049.

9. Plaintiff, Seth Nye, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2180 Mill Hill Road, Quakertown, Pennsylvania 18951.

10. Plaintiff, Holly Marston, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 1660 Cross Lane, Bethlehem, Pennsylvania 18015.

11. Plaintiff, Kevin Quinn, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 4448 Creek Road, Allentown, Pennsylvania 18104.

12. Plaintiff, Jose L. Sabastro, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2986 Seisholtville Road, Macungie, Pennsylvania 18062.

13. Plaintiff, Deborah A. Sabastro, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2986 Seisholtville Road, Macungie, Pennsylvania 18062.

14. Plaintiff, Thomas Riley, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 6656 Pioneer Drive, Macungie, Pennsylvania 18062.

15. Plaintiff, Amy Riley, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 6656 Pioneer Drive, Macungie, Pennsylvania 18062.

16. Plaintiff, Russell Daubert, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 5612 N. Coplay Road, Whitehall, Pennsylvania 18052.

17. Plaintiff, Carri Daubert, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 5612 N. Coplay Road, Whitehall, Pennsylvania 18052.

## DEFENDANTS

18. Defendant, Union of Needletrades, Industrial & Textile Employees AFL-CIO ("UNITE"), is and at all times mentioned herein has been, an unincorporated association and labor organization consisting of more than two (2) persons who are associated and are transacting business under that common name in New York and elsewhere.

19. Defendant, Bruce Raynor ("Raynor"), is, and at all times mentioned herein has been, an individual residing in the state of New York. Raynor is, and at all times mentioned herein has been, the President of UNITE. On information and belief, Raynor caused UNITE and others (including those whose identities are not presently known and are sued herein as Doe defendants) to engage in, as well as personally directed, authorized or otherwise supervised, the unlawful conduct alleged herein.

20. Defendant, International Brotherhood of Teamsters AFL-CIO ("Teamsters"), is and at all times mentioned herein has been, an unincorporated association and labor organization consisting of more than two (2) persons who are associated and are transacting business under that common name in Washington, D.C. and elsewhere. In or about 2003, Teamsters and UNITE announced a partnership to organize workers at Cintas.

21. Plaintiffs are unaware of the true names, identities and capacities of Does 1 through 10, inclusive, and therefore sue them by fictitious names. Plaintiffs are informed and believe and, on that basis, allege that each of the Doe Defendants in some way caused and is responsible for the damages alleged in this action. All allegations referring to the named Defendants refer in like manner to those Defendants identified as Does 1 through 10, inclusive. When their true names and capacities are ascertained, Plaintiffs will amend this Complaint accordingly.

22. Plaintiffs are informed and believe and on that basis allege that at all times material hereto, each of the Defendants was the agent and employee of the other Defendants or, in the alternative, acted pursuant to a common design or conspiracy, each with the other, and in performing the acts herein complained of acted within the course and scope of their respective

4

agency and employment or in the furtherance of said common design or conspiracy or, in the alternative, aided and abetted the other Defendants in performing the acts herein alleged.

**III.        FACTUAL ALLEGATIONS**

23.    Plaintiffs Elizabeth Pichler, Kathleen Kelly, Deborah Brown, Seth Nye, Kevin Quinn, Jose L. Sabastro, Thomas Riley and Russell Daubert are employed by Cintas Corporation ("Cintas").  Cintas is the nation's largest industrial uniform provider.  At all times relevant herein, the aforementioned Plaintiffs worked at Cintas' facility located in Allentown, Pennsylvania.  Plaintiffs Russell Christian, Holly Marston, Deborah A. Sabastro, Amy Riley and Carri Daubert are not employees of Cintas and have never been employed by Cintas, but are spouses, family members and/or otherwise reside with Plaintiffs employed by Cintas.

24.    After the filing of the original Complaint and the attendant publicity, it became known that conduct similar to what occurred to Plaintiffs had also taken place at other Cintas facilities across the United States.

25.    Plaintiffs are informed and believe and on that basis allege, that in or about 2003, Defendants commenced a so-called "corporate campaign" against Cintas, by which Defendants sought to unionize Cintas' workforce without affording its employees the right to choose for themselves whether or not to be represented by a union through a secret ballot election.  As part of this so-called corporate campaign against Cintas, Defendants sought to enlist the support of Cintas' employees working at the Allentown, Pennsylvania facility and other Cintas facilities located across the United States.

26.    Plaintiffs neither voluntarily disclosed their personal vehicular information to Defendants or their representatives, requested that UNITE or Teamsters contact them at home, nor consented to such information being obtained, used or disclosed by Defendants.

**ELIZABETH PICHLER**

27.    Plaintiff Elizabeth Pichler drives her automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Pickler's name and is registered at the address where Pichler resides.

5

28.     In the Winter of 2004, a representative of UNITE contacted Pichler when he visited, without invitation, her personal residence and attempted to discuss the union. Pichler is not listed in the telephone book.

### KATHLEEN KELLY and RUSSELL CHRISTIAN

29.     Plaintiff Kathleen Kelly drives Plaintiff Russell Christian's automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Christian's name and is registered at the address where Kelly and Christian reside together.

30.     In the Winter of 2004, a representative of UNITE and/or Teamsters contacted Plaintiffs Kelly and Christian, when he visited, without invitation, their personal residence, asked for Russell Christian by name, asked if he worked for Cintas and said he was with the union.

### DEBORAH BROWN

31.     Plaintiff Deborah Brown drives her spouse's automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Brown's spouse's name, Roger Brown, and is registered at the address where Plaintiff Brown resides.

32.     In the Winter of 2004, representatives of UNITE contacted Deborah Brown when they visited, without invitation, her personal residence, asked for her spouse Roger Brown, said they were with UNITE and attempted to discuss the union. Neither Plaintiff Brown nor Roger Brown is listed in the telephone book.

### SETH NYE and HOLLY MARSTON

33.     Plaintiff Seth Nye drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in the name of Nye and his mother, Plaintiff Holly Marston, and is registered at the address where Marston resides.

34.     In the Winter of 2004, a representative of UNITE contacted and attempted to contact Nye and Marston when he visited, without invitation, Marston's personal residence, said he was from the union, said he was "going from door to door to get support for the union" and said he wanted to represent Cintas workers. Marston told the union representative her son Plaintiff Nye was a management trainee wherein the union representative said "he's one of

6

those" and left Marston's property. Marston additionally received a mailing from the union addressed to her at her personal residence.

### KEVIN QUINN

35.     Plaintiff Kevin Quinn drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Quinn's name and is registered at the address where Quinn resides.

36.     In the Winter of 2004, representatives of UNITE contacted Quinn when they visited, without invitation, his personal residence, asked for Quinn attempting to discuss the union. Quinn is not listed in the telephone book.

### JOSE L. SABASTRO and DEBORAH A. SABASTRO

37.     Plaintiff Jose L. Sabastro drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered in Jose L. Sabastro's name and is registered at the address where Plaintiff Jose L. Sabastro resides with his spouse, Plaintiff Deborah A. Sabastro.

38.      In the Winter of 2004, representatives of Teamsters contacted Jose L. Sabastro when they visited, without invitation, he and his spouse's Deborah Sabastro's home, said they were from Teamsters, and attempted to discuss the union with him. Additionally, representatives of UNITE contacted Jose L. Sabastro when they sent a mailing to Jose L. Sabastro to his personal residence, which is not listed in the telephone book.

### THOMAS RILEY and AMY RILEY

39.     Plaintiff Thomas Riley drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in his name and that of his spouse, Amy Riley, and is registered at the address where Plaintiffs Thomas and Amy Riley reside.

40.     In the Winter of 2004, representatives of UNITE and/or Teamsters contacted Plaintiffs Thomas and Amy Riley when they visited, without invitation, their personal residence, said they were with UNITE Teamsters and attempted to discuss the union. Plaintiffs Thomas and Amy Riley are not listed in the telephone book.

### RUSSELL DAUBERT and CARRI DAUBERT

41. Plaintiff Russell Daubert drives his automobile to work at Cintas' Allentown facility. The motor vehicle is registered jointly in Daubert's name and his spouse Plaintiff Carri Daubert's name and is registered at the address where Russell and Carri Daubert reside.

42. In the Winter of 2004, a representative of UNITE contacted Russell and Carri Daubert when they called their personal residence.

### ALLEGATIONS CONCERNING ALL PLAINTIFFS

43. Plaintiffs are informed and believe and on that basis allege that Defendants obtained Plaintiffs' and the class members' home addresses by obtaining the license plate information of those automobiles driven by those Plaintiffs and class members who are employed by Cintas, to Cintas through surveillance of Cintas' facilities, and then gaining unlawful access or causing others to gain unlawful access to non-public motor vehicle records maintained by the Commonwealth of Pennsylvania and various other states throughout the United States, that contain personal information (including home address and telephone number) of the person or persons to whom the motor vehicle is registered. Having knowingly obtained non-public information of the motor vehicle's registered owner, Defendants then knowingly disclosed and/or used that information to contact and attempt to contact Plaintiffs and the class members at their personal residences, or what Defendants believed to be their personal residences.

44. Plaintiffs are informed and believe and on that basis allege that at all times Defendants knew or were reckless with regard to the fact that, without first obtaining Plaintiffs' consent, it was unlawful to access, disclose, obtain and/or use Plaintiffs' personal information contained in non-public motor vehicle records maintained by the Commonwealth of Pennsylvania.

45. The aforementioned conduct of Defendants constitutes a violation of the DPPA.

46. Plaintiffs are informed and believe and on that basis allege that Defendants have engaged in similar conduct towards other employees of Cintas and persons to whom they are

married and/or with whom they reside and/or whose automobiles they drove to Cintas' facilities, both in Pennsylvania and throughout the United States, including but not limited to, Alabama, Ohio, Illinois, Arkansas and Michigan, by knowingly obtaining, disclosing and/or using, without obtaining consent, personal information about these persons contained in non-public motor vehicle records maintained by the State in which they reside, for the purpose of contacting such persons as part of the corporate campaign against Cintas, by which Defendants sought to unionize Cintas' workforce without affording its employees the right to choose for themselves whether or not to be represented by a union through a secret ballot election.

## CLASS ACTION ALLEGATIONS

47.  Plaintiffs bring this action on behalf of themselves and as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1)-(3), on behalf of all members of the following class:

> All persons who both (1) are or were employees of Cintas, family members or other persons who resided with Cintas employees, and/or persons whose vehicles were operated by Cintas employees, from July 1, 2002 through the present, and (2) had their personal information, as defined by the DPPA, obtained, used and/or disclosed by Defendants and/or their agents, without their consent, for uses not permitted by the DPPA, from July 1, 2002 through the present.

48.  The members of the class are so numerous that separate joinder of each member is impracticable. Cintas currently has over 28,000 employees located throughout the United States. Employees of Cintas, and their family and affiliated relationships, from across the United States, including but not limited to, Alabama, Ohio, Illinois, Arkansas and Michigan, have been visited at their homes by Defendants, even though they have not provided Defendants with their

personal information. The members of the class are geographically dispersed throughout the United States.

49. The claims of Plaintiffs raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the class. The common questions include, but are not limited to, whether:

(a) Defendants knowingly obtained, disclosed and/or used personal information of Plaintiffs and the class members, from motor vehicle information, without their consent, for a use not permitted by 18 U.S.C. § 2721(b) of the DPPA;

(b) Defendants' conduct described above violates the DPPA;

(c) Defendants' pattern of conduct, in violation of the DPPA, requires Defendants and those acting in concert with Defendants in violation of the DPPA, to be permanently enjoined from such conduct in the future;

(d) Plaintiffs and the class members are entitled to the remedies expressly provided under 18 U.S.C. § 2724(b) of the DPPA including, inter alia, liquidated damages in the amount of $2,500, as expressly provided for under 18 U.S.C. § 2724(b)(1) of the DPPA;

(e) Defendants' pattern of conduct, in violation of the DPPA, was willful or in reckless disregard of the law, warranting the award of punitive against Defendants and in favor of Plaintiffs and the class members, as expressly provided under 18 U.S.C. § 2724(b)(2) of the DPPA;

(f) Plaintiffs and the class members are entitled to other preliminary and equitable relief, reasonable attorneys' fees, and litigation costs, as expressly provided under 18 U.S.C. § 2724(b) of the DPPA.

50. The claims of Plaintiffs are typical of the claims of each member of the class, which arise from the same operative facts and are based upon the same legal principles.

51. Plaintiffs' claims are typical of the claims of each member of the class because between the relevant time period described herein, above, Plaintiffs had personal information about them obtained by Defendants from motor vehicle records and disclosed and used by Defendants, without their consent and for purposes not permitted by the DPPA. The requirement of typicality is also satisfied because proof of the elements of Plaintiffs' claims, and the conduct of Defendants, will demonstrate Defendants' liability to all other members of the class.

52. The interests of Plaintiffs are co-extensive with the other members of the class on these questions, with whom they share a common right of recovery based upon the same core of operative facts.

53. Plaintiffs will fairly and adequately protect the interests of the class and have engaged the services of counsel experienced in class action litigation. Plaintiffs are committed to vigorously litigating this matter and will fairly and adequately protect and represent the interests of each member of the proposed class. Moreover, Plaintiffs understand the nature of the claims herein and their role in this proceeding.

54. This action is appropriate for class action status because the prosecution of separate actions by or against individual members of the class would be unduly burdensome, and create risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.

55. This action is appropriate for class action status because Defendants have acted in a pattern of the same unlawful conduct to all members of the class, on grounds generally applicable to all class members, thereby making final declaratory or injunctive relief concerning the class as a whole appropriate.

56. Defendants' actions and methods in obtaining, using and disclosing personal information pertaining to Plaintiffs and the class members without their consent violates the

DPPA, and generally affects Plaintiffs and the class members in the same way, by invading their rights of privacy provided under the DPPA.

57. The continued violation of Plaintiffs' and the class members' rights secured under the DPPA results in irreparable harm for which there is no adequate remedy at law.

58. There are no individual questions that predominate over common questions of law or fact.

59. This action is appropriate for class action status because questions of law or fact common to Plaintiffs' and the class members' claims predominate over any question of law or fact affecting individual members of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

60. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail.

61. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The names of the class members are readily ascertainable from, inter alia, motor vehicle records and the records of Defendants and their agents.

62. The assertion of separate individual claims is impractical and cost prohibitive for individual claimants, Defendants and the court system itself. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is slight, whereas maintaining this action as a class action in this forum is desirable as it will permit the claims of Plaintiffs and the class members to be adjudicated efficiently, based upon the same pattern of unlawful conduct by Defendants, and a common right of recovery arising from the same set of facts.

## FIRST CLAIM FOR RELIEF - FOR VIOLATION OF THE DRIVER'S PRIVACY PROTECTION ACT (18 U.S.C. § 2721, *et seq.*) (Against All Defendants)

63. This Court has jurisdiction to declare the rights and other legal relations of the parties and the class members as to whether the policies, procedures, practices and acts of Defendants described above, have violated, and will continue to violate, the rights of Plaintiffs and the class members, as provided to them by the DPPA.

64. Defendants used surveillance tactics, and unlawful and improper access to motor vehicle information, as a pattern of conduct to obtain the home addresses and other personal information of the Plaintiffs and class members to visit their homes, as part of the unions' corporate campaign against Cintas.

65. Defendants have committed numerous violations of the DPPA by knowingly obtaining, disclosing and/or using Plaintiffs' and the class members' personal information from motor vehicle records without Plaintiffs' or the class members' consent, for purposes not permitted by the DPPA.

66. Upon information and belief, Defendants agreed and conspired with each other to engage in the unlawful and improper acts described above, including but not limited to invading the privacy of Plaintiffs and class members, in violation of the DPPA.

67. As a direct and proximate result of Defendants' conduct set forth above, Plaintiffs have suffered damages, and are entitled to recover the damages available under the DPPA, plus costs and attorneys' fees, as provided under 18 U.S.C. § 2724(b) of the DPPA.

68. Plaintiffs are informed and believe and on that basis allege that Defendants acted, with respect to Plaintiffs and the class members, in willful, or at the very least reckless, disregard of the law, in that Defendants knew it was unlawful to access, disclose, obtain and/or use Plaintiffs' and the class members' personal information from non-public motor vehicle records, in violation of the DPPA. Accordingly, Plaintiffs are entitled to punitive damages pursuant to 18 U.S.C. § 2724(b)(2).

69.     Plaintiffs are informed and believe and on that basis allege that unless restrained and enjoined by this Court, Defendants will continue to unlawfully obtain, disclose and use Plaintiffs' and the class members' confidential and personal information and invade their privacy to their substantial detriment, as well as invading the privacy of others. No adequate remedy at law exists to prevent such harm.

70.     Plaintiffs and the class members have suffered and continue to suffer irreparable harm until this Court grants permanent injunctive relief against Defendants prohibiting them from contacting Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

On the first claim for relief against Defendants, jointly and severally:

1.     For monetary damages, with interest thereon at the legal rate, in an amount not less than the statutory-provided liquidated damages of $2,500 against each Defendant;

2.     For punitive damages, the exact amount of which has yet to be ascertained, in order to punish Defendants for their willful and reckless disregard of the DPPA and to deter such future violations;

3.     For an award of reasonable attorney's fees pursuant to 18 U.S.C. § 2724(b)(3);

4.     For cost of the suit incurred herein;

5.     For a preliminary and permanent injunction, enjoining and restraining each of these Defendants, and any of their respective agents, servants, independent contractors, attorneys, employees, directors, officers, representatives and all persons in active concert and participation with them from obtaining Plaintiffs' and the class members' personal information, disclosing the information, using the information, contacting them, and visiting their homes, and doing so to others, and a determination and declaration that such conduct by Defendants is in violation of the DPPA, and

6.     For such other and further relief as the Court deems just and proper.

                                          **SPECTOR GADON & ROSEN, P.C.**

By: _____
     Paul R. Rosen (Atty. ID No.: 13396)
       EFC No.: PR2326
     James Bucci (Atty. ID No. 63175)
       EFC No.: JB1757
     Beth Lincow Cole (Atty. ID No. 81042)
       EFC No.: BC1124
     1635 Market Street, 7th Floor
     Philadelphia, PA 19103
     215-241-8888

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Amended Class Action Complaint on all parties by causing true and correct copies thereof to be sent to counsel for Defendants as follows:

Mark Featherman, Esquire
Willig Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
*(Counsel for UNITE and B. Raynor)*
(via hand delivery)

Tom Kennedy, Esquire
Kennedy, Schwartz and Cure
113 University Place, 7th Floor
New York, NY 10003
*(Counsel for UNITE and B. Raynor)*
(via First Class Mail)

Neil Ditchek, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, NW
Legal Department
Washington, DC 20001
*(Counsel for Teamsters)*
(via First Class Mail)

Thomas Kohn, Esquire
Markowitz and Richman
121 South Broad Street, Suite 1100
Philadelphia, PA 19107
*(Counsel for Teamsters)*
(via hand delivery)

Dated: August 18, 2004

_____