# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------- :
**ELIZABETH PICHLER, RUSSELL CHRISTIAN,** :
**SETH NYE, HOLLY MARSTON, KEVIN QUINN,** :
**JOSE L. SABASTRO, THOMAS RILEY, AMY** :
**RILEY, and RUSSELL DAUBERT, on behalf of** :
**themselves and all others similarly situated,** :
                                                **Plaintiffs,**             :          **04-CV-2841**
                                  **v.**                                    :
**UNITE (UNION OF NEEDLETRADES,** :
**INDUSTRIAL & TEXTILE EMPLOYEES** :
**AFL-CIO), a New York unincorporated association,** :
                                **Defendant.** :
------------------------------------------------------------------- :

## REPLY MEMORANDUM OF LAW IN SUPPORT OF UNITE'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF MULTIPLE LIQUIDATED DAMAGES

                                         Lawrence T. Hoyle, Jr.
                                         Arlene Fickler
                                         Arleigh P. Helfer III
                                         John R. Timmer
                                         HOYLE, FICKLER, HERSCHEL & MATHES LLP
                                         One South Broad Street
                                         Suite 1500
                                         Philadelphia, PA 19107
                                         Telephone:  (215) 981-5700

                                         *Counsel for Defendant UNITE*

After successfully appealing to the Third Circuit the question whether plaintiffs can receive multiple awards of liquidated damages,[1] the Plaintiffs now suddenly waive their right to these multiple awards of liquidated damages in response to UNITE's motion for summary judgment on the issue of multiple liquidated damages.[2] (Memorandum of Law in Response to UNITE's Motion for Summary Judgment on Issue of Multiple Awards of Liquidated Damages ("Plaintiffs' Summary Judgment Response") at 7 ("the named Plaintiffs shall be limited to a single award of $2,500.00 each (plus interest) as statutory liquidated compensatory damages for UNITE's violation of their privacy rights under the DPPA….") (Docket #279).) Therefore, there is no dispute concerning the entry of summary judgment in favor of UNITE on the issue of multiple awards of liquidated damages to the Named Plaintiffs and UNITE's motion should be granted. Nonetheless, UNITE submits this reply memorandum to address several issues raised by Plaintiffs' Summary Judgment Response.

In this Court's June 5, 2009 Order, this Court found that UNITE was entitled to a jury trial on the issue of liquidated damages,[3] but that a jury was not needed to determine the first

---

[1] After this Court denied the Plaintiffs additional awards of multiple damages on summary judgment in 2006, Plaintiffs appealed this decision to the Third Circuit, claiming that they should receive statutory damages for each use of the MVR Information that UNITE obtained in violation of the DPPA. The Plaintiffs prevailed, with the Third Circuit stating that "defendants can face additional damages if, after obtaining a plaintiff's personal information in violation of the DPPA, they repeatedly use or disclose that personal information" and remanding the matter "for the District Court to address explicitly whether summary judgment was appropriate on this issue." *Pichler v. UNITE*, 542 F.3d 380, 394 (3d Cir. 2008).

[2] Since this action was commenced, UNITE merged with another labor organization and its official name is now "UNITE HERE." "UNITE" will be used to refer to the labor organization now known as UNITE HERE.

[3] "[T]he jury would decide both whether UNITE is liable for multiple violations of the DPPA and what the ensuing damages are." (June 5, 2009 Order at (l) (Docket 278).)

award of $2,500 because plaintiffs "are entitled to $2,500 per violation of the DPPA." (June 5, 2009 Order n.1.) UNITE has petitioned this Court for reconsideration of its holding that an award of $2,500 is mandatory once it is determined that the defendant violated the DPPA, arguing that the statute's language that "the court *may* award"[4] such damages makes all damage awards, including the initial award of liquidated damages, discretionary. (*See* UNITE's Motion for Partial Reconsideration of the Court's June 5, 2009 Order (Docket #281).)[5] UNITE's pending Motion for Reconsideration bears on this Summary Judgment Motion concerning multiple awards of liquidated damages in two ways. First, because as argued in the Motion for Reconsideration, the Plaintiffs are not automatically entitled to an award of $2,500, the Order granting this summary judgment motion should reflect that $2,500 is the highest amount each Plaintiff *may* receive, not that each Plaintiff *shall* receive $2,500. Second, because the amount of liquidated damages each plaintiff will receive, if any, has not yet been determined by the jury, there cannot now be an award of interest as the Plaintiffs' Summary Judgment Response suggests.

Moreover, by waiving their claims for multiple damages after prevailing in their appeal on this issue, the Plaintiffs have wasted the time and resources of this Court, the Third Circuit, and UNITE. If the Plaintiffs did not intend to seek multiple awards of damages, they should not have

---

[4] 18 U.S.C. § 2724(b) (emphasis added).

[5] In addition to the authorities cited in support of this proposition in UNITE's Motion for Partial Reconsideration of the Court's June 5, 2009 Order, this Court previously stated: "Even if plaintiffs demonstrate that UNITE violated the DPPA, we 'may' decline to award liquidated damages. *See* 18 U.S.C. § 2724(b)." *Pichler v. UNITE*, 228 F.R.D. 230, 259 n.54 (E.D. Pa. 2005).

petitioned this Court for them or appealed to the Third Circuit on this issue. There has been no change in either the law or facts that justifies the Plaintiffs waiting three years to reach this decision. Therefore, UNITE will request a set-off from any award of attorneys' fees and costs to Plaintiffs for the fees and costs expended by UNITE in litigating this issue.

Finally, the significance of Plaintiffs' concession that "there is not unambiguous evidence that UNITE used [the named plaintiffs'] personal motor vehicle information more than once" (Plaintiffs' Summary Judgment Response at 4) to the claims of absent class members is unclear. Taken literally, this concession is not necessarily applicable to, and does not resolve this issue for, the class as a whole. For example, to the extent that there is a class member to whom unambiguous evidence exists of multiple uses of motor vehicle information by UNITE, this concession would not, on its face, bar that class member from pursuing multiple damage awards. Moreover, the approved Notice to Likely Class Members provided: "Class counsel urges that you do not discard any prior mailings and that you keep a written record, for future reference, of any prior and future mailings, home visits, or phone calls received from UNITE or its organizers." (December 5, 2006 Order at 4 (Docket #228).) Accordingly, UNITE requests that before the Court turns its attention to the briefing of how the damages questions affect class certification, as envisaged in paragraph (l) of the Order of May 6, 2009 (Docket #272), the Court direct Plaintiffs to identify and set forth the basis of their claims for liquidated damages on behalf of the absent class members.

## **CONCLUSION**

For all of the foregoing reasons, as well as those set forth in the memorandum of law initially filed in support of this motion, UNITE requests that summary judgment be entered in its favor on Plaintiffs' request for multiple awards of liquidated damages and that Plaintiffs Elizabeth Pichler, Russell Christian, Seth Nye, Holly Marston, Kevin Quinn, Jose L. Sabastro, Thomas Riley, Amy Riley, and Russell Daubert be precluded from seeking or recovering more than $2,500 in liquidated damages each.

Respectfully submitted,

 s/ Lawrence T. Hoyle
Lawrence T. Hoyle, Jr.
Arlene Fickler
Arleigh P. Helfer III
John R. Timmer
HOYLE, FICKLER, HERSCHEL & MATHES, LLP
One South Broad Street
Suite 1500
Philadelphia, PA 19107

*Counsel for Defendant UNITE*

July 1, 2009

## **CERTIFICATE OF SERVICE**

I, John Timmer, hereby certify that on this 1st day of July, 2009, I caused a true and correct copy of the Reply Memorandum of Law in Support of UNITE's Motion for Summary Judgment on the Issue of Multiple Liquidated Damages to be served upon the following counsel via the Court's ECF system, where it is available for viewing and downloading:

>David Picker, Esq.
>Paul Rosen, Esq.
>SPECTOR GADON & ROSEN, P.C.
>1635 Market Street – 7th Floor
>Philadelphia, PA 19103
>
>*Attorneys for Plaintiffs*

                                        s/ John R. Timmer_____