UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ELIZABETH PICHLER, RUSSELL CHRISTIAN,
SETH NYE, HOLLY MARSTON, KEVIN QUINN,
JOSE L. SABASTRO, THOMAS RILEY, AMY
RILEY, and RUSSELL DAUBERT, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

v.

UNITE (UNION OF NEEDLETRADES,
INDUSTRIAL & TEXTILE EMPLOYEES
AFL-CIO), a New York unincorporated association,

        Defendant.

04-CV-2841

---

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
AGREEMENT AND NOTICE OF SETTLEMENT AND FINAL
FAIRNESS HEARING TO POTENTIAL CLASS MEMBERS**

AND NOW, this 15th day of October, 2010, upon consideration of the Motion for Preliminary Approval of the Settlement Agreement and Notice of Settlement and Final Fairness Hearing to Potential Class Members (Doc. No. 308) of Plaintiffs Elizabeth Pichler, Russell Christian, Seth Nye, Holly Marston, Kevin Quinn, Jose L. Sabastro, Thomas Riley, Amy Riley, and Russell Daubert (hereinafter the "Named Plaintiffs") through Class Counsel, and UNITE HERE, as successor to Defendant UNITE (Union of Needletrades, Industrial & Textile Employees AFL-CIO) (hereinafter "UNITE HERE"), the Court having reviewed the Motion and the Settlement Agreement attached to it, and the supporting papers submitted with it, and the Court being fully advised in the premises;

It is, therefore, hereby ORDERED that:

1. Unless otherwise indicated, all terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement before the Court.

2. The proposed Settlement as set forth in the Settlement Agreement executed by the Named Plaintiffs and UNITE HERE is preliminarily approved, subject to a Final Approval Hearing as provided in this Order to determine whether the settlement is fair, adequate, and reasonable. The Court is satisfied that enough information has been presented to support the conclusion that there are no obvious deficiencies in the proposed Settlement Agreement and that Potential Class Members should be notified of the proposed Settlement and a Final Fairness Hearing scheduled.

3. As set forth in this Court's Order of December 14, 2005, the Class is defined as follows:

> All persons whose personal information from motor vehicle records was knowingly obtained, used and/or disclosed, directly or indirectly, by UNITE or UNITE HERE between July 1, 2002 and October 13, 2004 to attempt to contact Cintas Corporation employees.

4. UNITE HERE shall, within thirty (30) days of this Order, transfer $4,022,500 to an escrow account established at The Bryn Mawr Trust Company, which shall be used to pay Eligible Claimants and the award of attorneys' fees and costs, pursuant to the procedures set forth in the Settlement Agreement.

5. Class Counsel shall, within twenty (20) days of this Order, cause the Notice of Settlement, substantially in the form attached as Exhibit 3 to the Settlement Agreement, to be mailed via First Class Mail to all Potential Class Members at the addresses identified on the Class List, which was filed under seal as Exhibit 2 to the Settlement Agreement. The Notice of Settlement shall inform Potential Class Members of (a) the essential terms of the settlement; (b) the date, time and place of the Final Fairness Hearing; (c) the last date by which Potential Class

Members must file objections to the Settlement; and (d) the last date by which Potential Class Members must mail completed Claim Forms to determine if they are eligible to receive $2,500. This mailing shall also include a personalized Claim Form, substantially in the form attached as Exhibit 1 to the Settlement Agreement, which includes a Form W-9 issued by the Internal Revenue Service. All of the out-of-pocket costs incurred for this mailing (such as the costs of printing, mailing, and postage) shall be paid by UNITE HERE.

6. Compliance with the directives of Paragraph 5 of this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice of the proposed Settlement Agreement and the Final Fairness Hearing to all persons entitled to receive such Notice as Potential Class Members.

7. Class Counsel shall file proof by affidavit of the direct mailing of the Notice and Claim Form to the Potential Class Members at or before the Final Approval Hearing.

8. Potential Class Members may not opt out of the Settlement Class because the class was certified pursuant to Rule 23(b)(1)(A). All Class Members shall be bound by this Settlement and by all subsequent proceedings, orders, and judgments in this litigation.

9. Potential Class Members shall have until April 8, 2011 (45 days after the Final Fairness Hearing) to send in completed Claim Forms to determine whether they are Eligible Claimants entitled to $2,500.

10. A Potential Class Member may object to the Settlement. To exercise this objection right, the Potential Class Member must provide written notice of the objection via first class mail to the Court, Class Counsel, and UNITE HERE's Counsel. The objection must bear the signature of the Potential Class Member (even if represented by counsel) and the Potential Class Member's current address and must state the exact nature of the objection and whether or

not the Potential Class Member intends to appear at the final approval hearing. If the Potential Class Member is represented by counsel, the objection shall also be signed by the attorney who represents the Potential Class Member. Such request must be postmarked or personally delivered on or before January 4, 2011 (45 days prior to the Final Fairness Hearing). /s/ Objections sent by any Potential Class Member to incorrect locations shall not be valid.

11. Any attorneys hired by a Potential Class Member for the purpose of objecting to the proposed Settlement shall file with the Clerk of the Court and serve on Class Counsel and UNITE HERE's Counsel a notice of appearance, not later than January 4, 2011 (45 days prior /s/ to the Final Fairness Hearing).

12. Any filings, objections, or appearances shall be filed and/or served with the Court, UNITE HERE's Counsel, and Class Counsel at the following addresses:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF PENNSYLVANIA
> James A. Byrne Federal Courthouse
> 601 Market Street
> Philadelphia, PA 19106-1797
>
> SPECTOR GADON & ROSEN, P.C.
> Paul R. Rosen, Esquire
> David B. Picker, Esquire
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103
> **CLASS COUNSEL**
>
> HOYLE, FICKLER, HERSCHEL & MATHES LLP
> Lawrence T. Hoyle, Jr., Esquire
> One South Broad Street, Suite 1500
> Philadelphia, PA 19107
> **ATTORNEYS FOR DEFENDANT UNITE HERE**

13. Class Counsel and UNITE HERE's Counsel shall promptly furnish each other with copies of any objections and appearances that come into their possession.

14. No person shall be entitled in any way to contest the approval of the terms and conditions of the Settlement Agreement or the Final Approval Order and Judgment to be entered thereon except by filing and serving written objections in accordance with the provisions of this Order and the Settlement Agreement. Any Potential Class Member who does not submit a timely, written objection will be deemed to have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

15. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

16. A Final Fairness Hearing is hereby set for February 18, 2011, (approximately 120 days after the entry of this Order) at 10:90am, in Courtroom 15B, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797, to determine whether the proposed Settlement is fair, reasonable, and adequate, to consider any objections of Potential Class Members, and to consider an award of reasonable attorneys' fees and expenses.

17. At least fourteen (14) days before the Final Fairness Hearing, the parties shall file a motion requesting that the Court grant final approval of the Settlement embodied in this Agreement and that the Court enter an Order of Final Approval of Settlement and Final Judgment of Dismissal consistent with the terms of this Agreement, substantially in the form of Exhibit 5 attached to the Settlement Agreement.

18. On or before one week prior to the Final Fairness Hearing, the parties may file memoranda of law responding to any objections of Potential Class Members filed with the Court.

19. All Potential Class Members are hereby preliminarily enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Release. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction) on behalf of Potential Class Members, if such other class action is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this Action. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this action. The Court finds no bond is necessary for issuance of this preliminary injunction.

20. Class Counsel shall file with the Court their Petition for an award of attorneys' fees and reimbursement of expenses no later than thirty-five (35) days before the Final Approval Hearing. The Notice served on Potential Class Members shall notify them that they may view the Petition at the Office of the Clerk of the Court, or may obtain a copy upon specific request to Class Counsel. The Court finds that this constitutes a "reasonable manner" of notice to Class Members within the meaning of Federal Rule of Civil Procedure 23(h)(1).

October 15, 2010

Stewart Dalzell, U.S.D.J.