IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELIZABETH PICHLER, RUSSELL,** : | |
| **CHRISTIAN, SETH NYE, HOLLY** : | |
| **MARSTON, KEVIN QUINN, JOSE** : | CIVIL ACTION |
| **L. SABASTRO, THOMAS RILEY,** : | |
| **AMY RILEY** and **RUSSELL DAUBERT**, : | NO. **04-CV-02841** |
| On Behalf Of Themselves And All : | |
| Others Similarly Situated, : | |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | |
| **UNITE (UNION OF NEEDLETRADES,** : | |
| **INDUSTRIAL & TEXTILE** : | |
| **EMPLOYEES AFL-CIO),** : | |
| Defendants. : | |
| : | |

## ORDER

**AND NOW**, this _____ day of February, 2011, upon consideration of Plaintiffs'

Motion for an award of attorneys' fees and expenses incurred by Class Counsel Spector

Gadon & Rosen, in the amount of one million dollars ($1,000,00.00), pursuant to 18

U.S.C. §2724(b)(3) and the Court's Decision and Order of August 30, 2006, as amended

October 17, 2006, and the parties' Settlement Agreement, and any response thereto (there

being no objection from Defendant); it is hereby

ORDERED, ADJUDGED and DECREED, that Plaintiff's said Motion is

GRANTED in its entirety, and Class Counsel is awarded, and Defendant UNITE is

ordered to pay Class Counsel, the sum of ONE MILLION DOLLARS ($1,000,000.00) as

full and total reimbursement of recoverable fees and expenses of this action.

By the Court:

_____

Honorable Stewart Dalzell, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PICHLER, RUSSELL,** | : | |
| **CHRISTIAN, SETH NYE, HOLLY** | : | |
| **MARSTON, KEVIN QUINN, JOSE** | : | CIVIL ACTION |
| **L. SABASTRO, THOMAS RILEY,** | : | |
| **AMY RILEY** and **RUSSELL DAUBERT**, | : | NO. **04-CV-02841** |
| On Behalf Of Themselves And All | : | |
| Others Similarly Situated, | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| | : | |
| **UNITE (UNION OF NEEDLETRADES,** | : | |
| **INDUSTRIAL & TEXTILE** | : | |
| **EMPLOYEES AFL-CIO),** | : | |
| Defendants. | : | |
| | : | |

## PLAINTIFFS' MOTION FOR AWARD OF
## ATTORNEYS' FEES FOR PLAINTIFF CLASS'S COUNSEL

The Named Plaintiffs, on behalf of the Plaintiff Class, by their undersigned attorneys, respectfully move for an award of attorneys' fees and expenses incurred by Class Counsel Spector Gadon & Rosen ("SGR" or "Class Counsel"), pursuant to 18 U.S.C. §2724(b)(3) and the Court's Decision and Order of August 30, 2006, as amended October 17, 2006, and pursuant to the parties' Settlement Agreement, in the amount of one million dollars ($1,000,000.00). In support of said Motion For Fees, Movants incorporate the facts and law contained in the following Memorandum of Law.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Dated: January 13, 2011

By _David Picker_____
     Paul R. Rosen, Esquire
     David B. Picker, Esquire

1635 Market Street - 7th Floor
Philadelphia, PA  19103
(215) 241-8888 / FAX- (215) 241-8844
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PICHLER, RUSSELL, CHRISTIAN, SETH NYE, HOLLY MARSTON, KEVIN QUINN, JOSE L. SABASTRO, THOMAS RILEY, AMY RILEY and RUSSELL DAUBERT,** On Behalf Of Themselves And All Others Similarly Situated, | : : : : : : : : | CIVIL ACTION<br><br>NO. **04-CV-02841** |
| Plaintiffs, | : | |
| v. | : : | |
| **UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO),** | : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD
OF ATTORNEYS' FEES FOR PLAINTIFF CLASS'S COUNSEL**

The Named Plaintiffs, on behalf of the Plaintiff Class, by their undersigned attorneys, respectfully submit this Memorandum of Law in Support of their Motion for an award of attorneys' fees and expenses incurred by Class Counsel Spector Gadon & Rosen ("SGR" or "Class Counsel"), in the amount of one million dollars ($1,000,00.00), pursuant to 18 U.S.C. §2724(b)(3) and the Court's Decision and Order of August 30, 2006, as amended October 17, 2006.

## I.   **INTRODUCTION AND SUMMARY**

The Drivers Privacy Protection Act, 18 U.S.C. §2724(b)(3), authorizes the Court to order a defendant to reimburse the fees and expenses of counsel who brings a successful claim for violation of the Act.  Plaintiffs and Class Counsel have substantially prevailed in their claims against Defendant UNITE in this long and hard-fought litigation, resulting in a

Judgment by the Court that will likely result in a multi-million dollar recovery by the Class. Plaintiffs and UNITE have entered into a settlement pursuant to which they have agreed on a mechanism for paying the Claims of Class Members, thus foreclosing any further litigation.

The fees and expenses of Class Counsel in this matter that are potentially awardable against UNITE under the Act exceed $1.56 million. Nevertheless, as part of the parties' settlement, Class Counsel has agreed to accept payment of $1 million, and UNITE has agreed not to challenge or object to an award in that amount. This Motion is now filed pursuant to the statute, the Court's prior award, and that agreement.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

This action involves Defendant UNITE's violation of the privacy of Named Plaintiffs' motor vehicle records, in violation of the Drivers Privacy Protection Act, 18 U.S.C. §§ 2721 *et seq.* ("DPPA").[1]   UNITE admitted that, as part of a long-standing union organizing tactic, it obtained Named Plaintiffs' names and/or addresses from motor vehicle records, in order to use that information to visit Named Plaintiffs in their homes, and/or to otherwise contact them, to try to interest them in joining the union. UNITE did this as part of its nation-wide campaign to unionize Cintas Corporation ("Cintas").

The Named Plaintiffs filed their Complaint on June 28, 2004, seeking compensatory and punitive damages and injunctive relief, as provided by the DPPA, against UNITE, its president Bruce Raynor, and another union, the International Brotherhood of Teamsters ("IBT"). On August 17, 2004, Named Plaintiffs filed their Amended Complaint seeking class action status.

---

[1]   After this action was commenced, UNITE joined with another union to form UNITE HERE. The settling party is "UNITE HERE as successor to Defendant UNITE", and is referred to in the description of the action as "UNITE", but in the description of the Settlement as "UNITE HERE".

Also in or around June 2004, Cintas and Class Counsel entered into a Common Interest Agreement and a Retainer Agreement, pursuant to which, *inter alia*, Cintas agreed to pay Class Counsel's hourly fees and out-of-pocket expenses, but not to interfere with Class Counsel's handling of the litigation.

Defendants moved to dismiss the Amended Complaint pursuant to F.R.Civ.P. 12(b). By Order dated October 13, 2004 (*reported at* 339 F. Supp.2d 665), this Court held that this was not a labor dispute, refused to imply a labor exception to the DPPA, and denied the motions to dismiss.

After class discovery,[2] Named Plaintiffs moved for class certification on February 25, 2005. By Memorandum and Order dated May 31, 2005 (*reported at* 228 F.R.D. 230), as amended by Orders dated June 6, 2005, and June 14, 2005, this Court certified the action as a Class Action solely as against UNITE, pursuant to F.R.Civ.P. 23(b)(3), and approved Spector Gadon & Rosen as Class Counsel.[3] Pursuant to F.R.Civ.P. 23(f), on June 10, 2005, UNITE filed a Petition in the Court of Appeals for the Third Circuit, docketed at No. 05-8031, for Leave to Appeal the certification of the class. By Order dated July 18, 2005, the Third Circuit denied UNITE's Petition for Leave to Appeal.[4] As amended by Order dated December 14, 2005, and pursuant to Stipulation executed February 8, 2006, and approved by Order dated February 9, 2006, the Court re-certified the Class as a Class pursuant to F.R.Civ.P. 23(b)(1)(A).

---

[2] Class discovery included the depositions of all the Named Plaintiffs, four Defendants witnesses, two non-party witnesses, and review of many documents.

[3] The Court expressly rejected Defendants' objection to the arrangement by which Cintas agreed to pay Class Counsel's fees and expenses, and even recognized the possibility of Class Counsel receiving a "reasonable percentage" of the total recovery for the Class. Pichler, 228 F. Supp.2d at 252.

[4] Meanwhile, Plaintiffs settled and dismissed their claims against the IBT.

In pursuit of merits discovery, Plaintiffs' counsel took the depositions of more than fifteen (15) Defendant and non-party witnesses, and reviewed tens of thousands of pages of documents produced by UNITE and third-parties, as well as both propounding and answering Interrogatories. Discovery sought not only to establish the substantive merits of Plaintiffs' case, but also to ascertain the identities of potential class members, since UNITE had destroyed its records of whose motor vehicle information it had searched.[5]

After completion of discovery, the parties filed cross-motions for summary judgment as to liability on May 15, 2006. By Memorandum and Order dated August 30, 2006 (*reported at* 446 F. Supp.2d 353), this Court held that UNITE's admitted use of personal motor vehicle information in aid of its union organizing campaign and without knowing in advance anything about the persons whose information was accessed was not for a purpose "permitted" by the DPPA, as the Court construed it, and granted Named Plaintiffs summary judgment as to liability against UNITE only. The Court entered judgment against UNITE for the minimum statutory damages of $2,500.00 for a single DPPA violation for each of the Named Plaintiffs, except that the Court granted only a single award to be shared by Thomas and Amy Riley, who are married registered co-owners. Finding no evidence that Defendant Raynor had personally participated in or ordered UNITE's improper actions, the Court granted summary judgment dismissing the claims against him.[6]

---

[5] E.g., Pichler v. UNITE, 646 F. Supp.2d 759, 762 (E.D. Pa., 2009) ("Before the public announcement of the Cintas campaign, UNITE destroyed anything 'used during the prep of the campaign.'"). In its November 17, 2006 Order allowing Class Counsel to send an initial notice to potential Class members, this Court observed that "The record in this case reveals that we cannot rely on UNITE's record-keeping to track" information relating to its use of personal information obtained from motor vehicle records.

[6] Named Plaintiffs did not pursue the appeal they noticed from the dismissal of their Claims against Raynor.

Believing that the case raised issues of first impression that would benefit from appellate review before "turning to the cumbersome and costly machinery of class-wide relief," the Court sought to certify its judgment as final pursuant to F.R.Civ.P. 54(b). See 446 F. Supp.2d at 372-73. Upon suggestion that appellate review was not available because the Court had not finally determined all claims for relief of the Named Plaintiffs, the Court ordered further briefing from the parties on certain specified issues. By Order and Judgment entered October 17, 2006 (*reported at* 457 F. Supp.2d 524), the Court entered an amended final judgment as to the named Plaintiffs.

Both sides cross-appealed to the Court of Appeals for the Third Circuit. By decision dated September 9, 2008 (*reported at* 542 F.3d 380), the Court of Appeals affirmed this Court's imposition of liability, separate awards to Amy and Thomas Riley, and dismissal of Deborah Sabastro and Carri Daubert. The Third Circuit vacated and remanded for further proceedings this Court's refusal to award punitive damages or multiple awards. UNITE then filed a Petition For Writ of *Certiorari* in the United States Supreme Court, which that Court denied on March 23, 2009 (*reported at* 129 S. Ct. 1662).

Meanwhile, on or about October 26, 2006, Plaintiffs moved to unseal certain portions of the Record that had been filed under seal pursuant to a protective order entered near the beginning of the case. Plaintiffs motion to unseal was in furtherance of their interest in protecting privacy and vindicating the protections of the DPPA by publicizing the improper actions of Defendants. By decision dated December 4, 2006 (and *reported at* 238 F.R.D. 405), this Court granted that Motion and ordered substantial parts of the Record unsealed.

Also in October 2006, Plaintiffs moved for the Court's approval to send notice to all then-known potential class members of the pendency of this class action, asking such persons

to notify class counsel of any change in address and to preserve any evidence of Defendants' use of their personal motor vehicle information. The Court granted that motion for approval of notice by Order dated November 17, 2006. Defendants moved for reconsideration, which Plaintiffs opposed and the Court denied.

After denial of *certiorari* by the Supreme Court, this Court directed the parties to file motions for summary judgment on the issues of punitive damages and multiple awards of statutory damages. UNITE moved for summary judgment limiting the *Named Plaintiffs* to a single award of statutory damages each, which Named Plaintiffs stated that they did not oppose because there was not unambiguous evidence that UNITE had used the Named Plaintiffs' personal motor vehicle information more than once.

UNITE also moved for summary judgment denying punitive damages, which Named Plaintiffs did oppose. By decision dated August 11, 2009 (*reported at* 646 F.Supp.2d 759), the Court granted UNITE's motion and denied Named Plaintiffs and the Class the right to seek punitive damages. The Court then entered Judgment, on August 12, 2009, for the remaining Named Plaintiffs, in the amount of $2,500 each, and enjoined UNITE from using their motor vehicle information. The Court also awarded Plaintiffs' attorneys' fees, to be taxed. By Order dated August 11, 2009, the Court ordered the parties to submit their proposals for class-wide relief.

On August 28, 2009, Named Plaintiffs submitted their proposals and form of Claim form and Notice. UNITE submitted their proposals on September 4, 2009, and the parties thereafter filed written responses to each other's submissions. The parties' submissions revealed significant disagreement over a number of issues requiring resolution by the Court, including the nature of the Class Judgment that should be entered, the identity of Class

Members and who should receive notice and receive payment, and the form and content of Class Notice and Claim Forms. For example, Named Plaintiffs asserted that individual Class Members should be allowed to establish that they were entitled to more than one award based on multiple uses of their motor vehicle information. There was also a dispute as to whether there would be a lump sum or a rolling "claims-made" judgment, and how any residual should be disposed.

The parties worked to resolve their issues over who should and should not be included in the Class List, and also to resolve their other issues. When an impasse was reached, the Court, with the parties' consent, Ordered them to mediation before the Honorable Jacob P. Hart, United States Magistrate Judge. After extensive arms'-length negotiations, including three sessions before Judge Hart, the parties finally agreed to the Settlement Agreement which the Court preliminarily approved by Order dated October 15, 2010. Notices to the Class have been mailed, and the responses are in the process of being examined and, where necessary, followed up. A Final Fairness Hearing is scheduled for February 8, 2011.

## III.   PLAINTIFF CLASS COUNSEL'S FEES AND EXPENSES

Through December 31, 2010, Class Counsel has charged Cintas a total of $1,442,449.82 in fees and $127,227.78 in out-of-pocket disbursements,[7] for a total of $1,569,692.50. Of this amount, a total of 10,846.22 was written off, so that the total billed is **$1,568,826.30**. See Exhibit A. Cintas has paid nearly all of this amount.

Attached as Exhibit B is a schedule showing the time spent by each of the various attorneys and paralegals on this matter over 6+ year life of this litigation, and their respective

---

[7]   Disbursements consist of "hard costs" totaling $114,366.18, and "soft costs" totaling $12,856.60. "Hard costs" consist of monies paid to outside vendors, such as court reporters, travel expenses, and outside photocopying and couriers; while "soft costs" consist of internal expenses such as postage, messengers, internal photocopying, and secretarial overtime.

billing rates.  The bulk of the attorney time and charges were performed by Paul R. Rosen, Esquire, a senior partner with over 45 years' experience as a commercial litigator (including lead counsel in several class actions), and David B. Picker, an attorney with 30 years' commercial litigation experience.  Both attorneys Rosen and Picker (among others) were previously described by a court as "formidable advocates".  In re: Estate of Emanuel Rosenfeld, 2006 WL 3040020, at *36, 29 Fiduc.Rep.2d 271 (Pa. Orphans Ct., Phila. Co. 2006).  A brief description of the experience level of each attorney and paralegal is attached as Exhibit C.

Pursuant to 18 U.S.C. §2724(b)(3) and the Court's Order granting summary judgment, Class Counsel now moves for reimbursement of its fees.  As part of the parties' settlement of this Action, Plaintiffs and Class Counsel have agreed to accept reimbursement in the total amount of one million dollars ($1,000,000.00) in exchange for UNITE's agreement not to object to or challenge Class Counsel's fee request.  It should be noted that no part of the fees to be paid will come out of the funds devoted to settling the Claims of Class Members.

## IV.   ARGUMENT

### A.   Summary Of The Law

Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure provides that:

> "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."

In the present case, appointed Class Counsel have substantially completed their representation of the Class and are entitled to receive reimbursement for reasonable time spent in pursuing the claims of the Class and reimbursement for the non-taxable expenses incurred during that representation.  Hensley v. Eckerhart, 461 U.S. 424 (1982).

**B.**     <u>General Standards In Computation Of The Fee Award</u>

The United States Supreme Court has set forth the general rule for the computation of fees as follows: "the initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate based on the prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 887 (1984); <u>Hensley</u>, <u>supra</u>. This is the "lodestar". The lodestar may then be adjusted up or down on the basis of the ten factors set forth in <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).[8] Several of the <u>Johnson</u> factors warrant an *upward* adjustment of the lodestar, but because Class Counsel here has agreed to accept substantially *less* than what would otherwise be available for reimbursement based on the lodestar, detailed analysis of the <u>Johnson</u> factors is unnecessary.

The Supreme Court, in 1983, clarified the methodology by which attorneys' fees should be calculated, adopting a "blended approach." In <u>Hensley</u>, <u>supra</u>, the Court instructed courts to start by multiplying hours reasonably spent by a reasonable hourly rate, and then, where appropriate, to use the remaining <u>Johnson</u> factors to enhance or decrease this "initial estimate." Further, the Court recognized that many of the <u>Johnson</u> factors were "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." The <u>Hensley</u> court essentially instructed lower courts to use the "results" of a lawsuit as a means of gauging whether the amount of time which counsel expended was "reasonable".

---

[8]   The <u>Johnson</u> court explained twelve factors to consider, numbers 1 and 5 of which result in the lodestar. The factors are: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly, (4) The preclusion of other employment by the attorney due to acceptance of the cas;.(5) The customary [hourly] fee;(6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained;(9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.

The Third Circuit Court of Appeals has held that when calculating the lodestar, determining the reasonableness of attorney's fees requires a two part analysis. Bjorklund v. Philadelphia Housing Authority, No. 98-CV-2838, 2003 WL 22988885 (E.D. Pa., Nov. 20, 2003), citing Hensley, 461 U.S. at 433. First, the number of hours must be reviewed to assess whether they were reasonably expended. Bjorklund, id. Second, the court must decide whether the attorney's hourly rate is reasonable. Id. "Once these two numbers are established, they are multiplied to yield the lodestar, which is presumed to be a reasonable fee." Id., citing Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).

Although an attorney generally must specify the hours worked in sufficient detail so that the court may determine the reasonableness of his fee, "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Bjorklund, 2003 WL 22988885, at *1, citing Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) (quoting Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanatory Corp., 487 F.2d 161, 167 (3d Cir. 1973)). The starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate. Bjorklund, supra, at *2, citing Maldonado v. Houston, 256 F.2d 181, 184-185 (3d Cir. 2001).

## C.   Calculation Of The Lodestar

In the present case, it is apparent that the successful final resolution of the class claims requires a calculation of fees for appointed lead Class Counsel made by multiplying those reasonable hours spent by that attorney and his professional staff by the most appropriate hourly rates. In this regard, it is suggested that, in light of the uncertain state of the law at the outset of this litigation, the fiercely determined and skillful defense put up by UNITE, and the

substantially successful outcome obtained by Class Counsel, the hours expended by Class Counsel, as set forth in the schedules attached hereto and marked as Exhibit "B", were reasonable and necessary to the prosecution of the claims of the Class.

With regard to the calculation of the most appropriate hourly fee, the courts generally agree that where a law firm has established hourly rates that its private clients generally pay, those rates are presumptively the reasonable market rates to apply. E.g., Student Public Interest Research Group v. AT&T, 842 F.2d 1436, 1445 (3d Cir. 1988):

> "We acknowledge that, in most cases, billing rates reflect market rates — they provide an efficient and fair short cut for determining the market rate. *See Black Grievance Committee*, 802 F.2d at 652 ('[t]he reasonable value of an attorney's time is the price that time normally commands in the marketplace, which is *generally* reflected in the attorney's normal billing rate' (emphasis added) ( *citing In re Fine Paper Lindy I* at 590-91; at 167))." [Emphasis added by the Court].

Id., 842 F.2d at 1445.[9]

It is respectfully submitted that the most appropriate rates already have been determined by the clients of Spector Gadon & Rosen, P.C., as set forth in the attached schedule. These rates are not only those rates which are regularly and actually charged to and collected from by the firm's non-contingent clients, including Cintas in this very case, but also are in keeping with customary fees charged within the Philadelphia area in which plaintiff's attorneys practice by attorneys of equivalent skill and experience performing work of similar complexity. Keane v. Stone, 966 F.2d 119 (3d Cir. 1992). *See* Verification of Alan B. Epstein, Esquire attached hereto as Exhibit "D." *See also*, Verification of David B. Picker, Esquire, attached hereto; Haymond v. Lundy, 205 F. Supp.2d 403 (E.D. Pa. 2002) (finding that the rate of $425/hr. for

---

[9]   Although this is subject to upward adjustment upon showing that the billing rates have been made artificially low to accommodate non-profit clients or causes, that issue is not presented in this case.

Paul Rosen, Esquire, was "reasonable and customary for lawyers of [his] reputation and experience" for services performed back in 2001).[10]

The Court is fully familiar with both the quantity and the quality of the work that Class Counsel has done in this case. On behalf of the Class, Counsel pursued novel claims under a federal statute for which there was little then-existing caselaw — and some of what existed was not favorable (e.g., Pichler, 228 F.R.D. at 242-47) — and not only dealt with complex issues of law and fact, but also the difficulties of identifying potential Class Members in the light of UNITE's inadequate records. In doing so, Class Counsel repeatedly made new law, as reflected in no less than six decisions from this Court and one more from the Court of Appeals for the Third Circuit, published in the official Reports (as cited *above*), in which Plaintiffs were largely successful.

As noted, Class Counsel (and Cintas) have agreed to accept payment of an amount that is less than two-thirds (2/3) of the amounts actually expended in successfully pursuing this litigation on behalf of the Named Plaintiffs and Plaintiff Class. In exchange, UNITE has agreed not to challenge or object to this request for reimbursement. Because of that, and because of the Court's familiarity with the scope and quality of Class Counsel's work in this case as outlined above and revealed in the published Reports as well as the Court's Docket, it is respectfully submitted that requiring Class Counsel to review for privilege, and then produce, its time records in this matter that has lasted more than 6½ years, is unnecessary and would be

---

[10] The hourly rates charged and shown in the attached schedules (e.g., Exh. B) are those that were in effect at the various times when the work was actually performed, even though the Supreme Court has recognized that currently applicable rates may be employed in order to compensate for the delay in payment in lengthy cases such as this. E.g., Missouri v. Jenkins, 491 U.S. 274, 277, 281-83 (1989) (fee award under 42 U.S.C. §1988). As the third-party who advanced payment of Class Counsel's fees with the expectation of reimbursement upon a successful outcome, Cintas would arguably be entitled to the benefit of this doctrine. However, because the parties have agreed to cap the fee award at $1 million — far less than the amount actually billed — the point is moot.

unduly burdensome.  (However, if the Court does require it, these records can be produced *in camera* upon reasonable notice.)

## IV.   **CONCLUSION**

By reason of the foregoing, the within Motion should be granted and UNITE should be Ordered to pay to Class Counsel Spector Gadon & Rosen, P.C., as reimbursement of Plaintiffs' attorneys' fees and expenses in this case, the sum of one million dollars ($1,000,000.00).

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

Dated:  January 13, 2011

By _____
       Paul R. Rosen, Esquire
       David B. Picker, Esquire
1635 Market Street - 7th Floor
Philadelphia, PA  19103
(215) 241-8888 / FAX- (215) 241-8844
*Attorneys for Plaintiffs*

## VERIFICATION

I, David B. Picker, Esquire, hereby verify that the following facts are true and correct to the best of my knowledge, information and belief:

1.      I am a senior associate with Spector Gadon & Rosen, P.C., Class Counsel for the Plaintiff Class. I have thirty years' experience as a commercial litigator in federal and state courts in both Pennsylvania and New York. I am admitted to practice in Pennsylvania, New York, the United States Supreme Court, the United States Court of Appeals for the Second and Third Circuits, and the United States District Courts for the Southern and Eastern Districts of New York and the Eastern District of Pennsylvania.

2.      I have worked on this case since December 2004, and am fully familiar with all of the work performed by Spector Gadon & Rosen and by the various attorneys and other professionals who worked on it. The bulk of that work was performed by myself and by Paul R. Rosen, Esquire. Additional significant work was performed by James Bucci, then a partner in the firm's Employment Law Department, Joyce Link, a senior commercial litigator, and Michael Friedman, an associate in the firm's Employment Law Department. Additional work was done by other attorneys as needed and appropriate to the task at hand and the particular attorneys' respective skill-sets. In addition, a substantial amount of work was done by experienced paralegals, mostly Amy Kelly-Forczek and then Jacqueline Caza.

3.      I believe that the number of hours spent on this action fairly reflects the legal and evidentiary difficulties and complexities of the claims which Class Counsel has successfully pursued through extensive discovery, numerous motions in this Court, and appeals to the United States Court of Appeals for the Third Circuit and a Petition for a Writ of Certiorari to the United States Supreme Court. Accordingly, the hours expended by counsel on this action as reflected in

the schedules marked as Exhibits "A" and "B" to the attached Motion and Memorandum were reasonable and necessary to the prosecution of this action, and I believe no billing was engaged in that was unnecessarily repetitious or unreasonable in light of the circumstances presented.

4.    No billing was made for clerical work performed by secretarial personnel. The recording of hours spent on this claim was done in strict accordance with our office policies and were made contemporaneous with the actual time spent, in daily time records. The recorded time spent was then transferred to a computerized ledger which was subsequently checked on a monthly basis for accuracy.

5.    The billing rates utilized in calculating the requested fees are those rates which this firm sets from time to time as its normal billing rates for non-contingent legal services. These fees have in fact been paid by Cintas.

6.    I further verify that the facts as set forth in the foregoing Motion and supporting Memorandum of Law are true and correct.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:   January 13, 2011

David B. Picker, Esquire

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury that on this **13**th day of

**January**, 2011, I served the foregoing Plaintiffs' Motion For Award of Attorneys' Fees

For Plaintiffs' Class Counsel on all parties, by E-Filing and by causing true and correct

copies thereof to be sent to counsel, as follows:

**BY MESSENGER DELIVERY**
Lawrence T. Hoyle, Jr., Esquire
Arlene Fickler, Esquire
HOYLE, FICKLER, HERSCHEL & MATHES LLP
One South Broad Street, Suite 1500
Philadelphia, PA 19107

**BY FIRST CLASS U.S. MAIL**
Laurence M. Goodman, Esquire
Mark Featherman, Esquire
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
*Attorneys For Defendant UNITE*


Date:  January 13, 2010


_____
David Picker, Esquire

# EXHIBIT "A"

InqMatterARMasterHistory

1/5/2011 4:24

A/R TRANSACTION LISTING

Matter: 027916-0001    Kevin Quinn, Justin Tague, Seth Nye, Kathleen    Cintas Corporation

Description: Bill

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/20/2004 | | 61102 | Bill | ☑ | | | 27,143.49 | 26,400.00 | 637.39 | 106.10 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/27/2004 | | 63270 | Bill | ☑ | | | 20,656.61 | 20,240.00 | 416.61 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | | 65069 | Bill | ☑ | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/30/2005 | | 78415 | Bill | ☑ | | | 299,105.98 | 281,485.50 | 17,529.63 | 90.85 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/12/2005 | | 84168 | Bill | ☑ | | | 37,052.50 | 36,892.50 | 160.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/24/2005 | | 86739 | Bill | ☑ | | | 83,044.17 | 74,382.00 | 8,626.97 | 35.20 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/2005 | | 87624 | Bill | ☑ | | | 41,614.91 | 40,716.00 | 898.91 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/14/2005 | | 89805 | Bill | ☑ | | | 59,100.50 | 51,923.00 | 7,100.46 | 77.04 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

Page 1

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/26/2005 | | 90292 | Bill | ☑ | | | 14,217.50 | 0.00 | 14,217.50 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/8/2005 | | 91172 | Bill | ☑ | | | 58,694.61 | 55,471.00 | 3,223.61 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/15/2005 | | 93391 | Bill | ☑ | | | 89,157.68 | 74,770.00 | 14,120.59 | 267.09 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/9/2006 | | 94556 | Bill | ☑ | | | 70,757.63 | 65,132.50 | 5,625.13 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/16/2006 | | 98288 | Bill | ☑ | | | 87,872.93 | 80,322.50 | 5,526.20 | 2,024.23 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/20/2006 | | 428 | Bill | ☑ | | | 63,765.68 | 49,327.50 | 5,096.69 | 9,341.49 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/7/2006 | | 2023 | Bill | ☑ | | | 50,215.75 | 45,092.00 | 5,123.75 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/8/2006 | | 4157 | Bill | ☑ | | | 37,926.61 | 36,583.00 | 1,343.61 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/15/2006 | | 6077 | Bill | ☑ | | | 56,659.24 | 53,125.50 | 3,533.74 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/11/2006 | | 7631 | Bill | ☑ | | | 26,699.60 | 27,481.50 | (781.90) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Docum ent | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/26/20 06 | | 8442 | Bill | ☑ | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/9/200 6 | | 9635 | Bill | ☑ | | | 6,061.24 | 1,597.00 | 4,464.24 | 0.00 | 0.00 | C 0.0 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/12/20 06 | | 11502 | Bill | ☑ | | | 5,727.98 | 5,715.00 | 12.98 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/9/20 06 | | 13853 | Bill | ☑ | | | 23,861.22 | 23,348.00 | 513.22 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/3/20 06 | | 15884 | Bill | ☑ | | | 44,211.82 | 43,788.50 | 423.32 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/27/2 006 | | 19158 | Bill | ☑ | | | 34,590.10 | 31,667.00 | 2,923.10 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/8/200 7 | | 20135 | Bill | ☑ | | | 33,398.28 | 29,542.00 | 3,856.28 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/13/20 07 | | 24211 | Bill | ☑ | | | 30,783.61 | 30,175.00 | 608.61 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/7/200 7 | | 25972 | Bill | ☑ | | | 25,129.16 | 19,907.50 | 5,221.66 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/13/20 07 | | 28388 | Bill | ☑ | | | 4,947.50 | 4,947.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/11/20 07 | | 30617 | Bill | ☑ | | | 20,637.01 | 19,492.50 | 1,144.51 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/26/20 07 | | 33749 | Bill | ☑ | | | 870.00 | 870.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/10/20 07 | | 35186 | Bill | ☑ | | | 5,040.62 | 5,037.50 | 3.12 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/31/20 07 | | 35982 | Bill | ☑ | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/9/200 7 | | 37171 | Bill | ☑ | | | 732.16 | 730.00 | 2.16 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/11/20 07 | | 39197 | Bill | ☑ | | | 2,079.62 | 2,032.50 | 47.12 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/8/20 07 | | 41449 | Bill | ☑ | | | 1,049.79 | 1,045.00 | 4.79 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/7/20 07 | | 43650 | Bill | ☑ | | | 16,663.03 | 15,410.00 | 1,253.03 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/6/20 07 | | 46273 | Bill | ☑ | | | 5,714.00 | 5,708.00 | 6.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/9/200 8 | | 49618 | Bill | ☑ | | | 15,438.49 | 15,407.00 | 31.49 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11/2008 | | 51756 | Bill | ✓ | | | 26.08 | 0.00 | 26.08 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/11/2008 | | 51756 | Bill | ✓ | | | 26.08 | 0.00 | 26.08 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/12/2008 | | 53725 | Bill | ✓ | | | 343.50 | 343.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/11/2008 | | 56158 | Bill | ✓ | | | 179.00 | 179.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/7/2008 | | 57784 | Bill | ✓ | | | 3,713.50 | 3,713.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/6/2008 | | 60796 | Bill | ✓ | | | 875.52 | 652.00 | 3.96 | 219.56 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/7/2008 | | 64015 | Bill | ✓ | | | 621.50 | 621.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/6/2008 | | 66916 | Bill | ✓ | | | 167.50 | 167.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/2008 | | 69486 | Bill | ✓ | | | 464.50 | 464.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/13/2008 | | 72383 | Bill | ✓ | | | 3,306.53 | 3,285.00 | 21.53 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/7/2008 | | 74342 | Bill | ☑ | | | 8,748.53 | 8,745.00 | 3.53 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/5/2008 | | 77224 | Bill | ☑ | | | 5,361.00 | 5,361.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/13/2009 | | 79952 | Bill | ☑ | | | 4,656.31 | 4,546.00 | 23.67 | 86.64 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/5/2009 | | 82510 | Bill | ☑ | | | 17,952.49 | 17,850.00 | 20.44 | 82.05 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/10/2009 | | 85273 | Bill | ☑ | | | 6,809.39 | 6,815.50 | 9.94 | (16.05) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/9/2009 | | 87504 | Bill | ☑ | | | 2,995.84 | 1,773.50 | 1,222.34 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/6/2009 | | 89854 | Bill | ☑ | | | 3,821.00 | 3,821.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/8/2009 | | 90186 | Bill | ☑ | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/8/2009 | | 90237 | Bill | ☑ | | | 110.31 | 110.31 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/9/2009 | | 92413 | Bill | ☑ | | | 2,757.56 | 2,723.00 | 0.00 | 34.56 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/15/20 09 | | 95191 | Bill | ☑ | | | 18,465.10 | 18,041.00 | 24.62 | 399.48 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/10/20 09 | | 97483 | Bill | ☑ | | | 1,595.06 | 1,592.00 | 3.06 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/9/200 9 | | 99643 | Bill | ☑ | | | 17,487.86 | 17,366.50 | 13.00 | 108.36 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/5/20 09 | | 1878 | Bill | ☑ | | | 11,135.20 | 11,098.50 | 36.70 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/6/20 09 | | 4102 | Bill | ☑ | | | 8,173.00 | 8,173.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/4/20 09 | | 6197 | Bill | ☑ | | | 6,228.00 | 6,228.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/18/20 10 | | 80109 | Bill | ☑ | | | 4,776.00 | 4,733.00 | 43.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/9/201 0 | | 80703 | Bill | ☑ | | | 5,040.68 | 5,016.00 | 24.68 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/8/201 0 | | 81468 | Bill | ☑ | | | 1,580.50 | 1,580.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/12/20 10 | | 82747 | Bill | ☑ | | | 483.50 | 483.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/13/2010 | | 84353 | Bill | ☑ | | | 4,923.10 | 4,910.50 | 12.60 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/4/2010 | | 85367 | Bill | ☑ | | | 2,787.50 | 2,787.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/2010 | | 85834 | Bill | ☑ | | | 3,239.00 | 3,239.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/6/2010 | | 86638 | Bill | ☑ | | | 9,723.50 | 9,723.50 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/25/2010 | | 87321 | Bill | ☐ | | | 10,053.30 | 0.00 | 743.30 | 9,310.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/5/2010 | | 87353 | Bill | ☑ | | | 10,719.00 | 10,719.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/31/2010 | | 88949 | Bill | ☐ | | | 792.92 | 0.00 | 0.00 | 792.92 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| T | | | | | | | 1,580,760.38 | 1,442,627.81 | 115,173.05 | 22,959.52 | 0.00 | 0.00 | | |

Description: Receipt

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/20/2004 | 9/8/2004 | 61102 | Receipt | ☑ | Conversion - PAY | | (27,143.49) | (26,400.00) | (637.39) | (106.10) | 0.00 | | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

Page 8

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/27/2004 | 10/12/2004 | 63270 | Receipt | ☑ | Conversion - PAY | | (20.00) | 0.00 | (20.00) | 0.00 | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/27/2004 | 10/29/2004 | 63270 | Receipt | ☑ | Conversion - PAY | | (20,636.61) | (20,240.00) | (396.61) | 0.00 | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | 10/29/2004 | 65069 | Receipt | ☑ | Conversion - PAY | | (20.00) | 0.00 | 0.00 | 0.00 | -20.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | 10/29/2004 | 65069 | Receipt | ☑ | CONV Zero Rcpt - Inv: 97643 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | 11/24/2004 | 65069 | Receipt | ☑ | Conversion - PAY | | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | 7/8/2005 | 65069 | Receipt | ☑ | Conversion - PAY | | (20.00) | 0.00 | 0.00 | 0.00 | -20.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/29/2004 | 7/12/2005 | 65069 | Receipt | ☑ | Conversion - PAY | | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/30/2005 | 6/7/2005 | 78415 | Receipt | ☑ | Conversion - PAY | | (299,105.98) | (281,485.50) | (17,529.63) | (90.85) | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/12/2005 | 7/12/2005 | 84168 | Receipt | ☑ | Conversion - PAY | | (20.00) | 0.00 | (20.00) | 0.00 | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/12/2005 | 8/8/2005 | 84168 | Receipt | ☑ | Conversion - PAY | | (37,032.50) | (36,892.50) | (140.00) | 0.00 | 0.00 | | 0.00 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/24/20 05 | 9/26/20 05 | 86739 | Receipt | ☑ | Conver sion - PAY | | (83,044.17) | (74,382.00) | (8,626.97) | (35.20) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/200 5 | 10/7/20 05 | 87624 | Receipt | ☑ | Conver sion - PAY | | (41,614.91) | (40,716.00) | (898.91) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/14/2 005 | 10/31/2 005 | 89805 | Receipt | ☑ | Conver sion - PAY | | (59,100.50) | (51,923.00) | (7,100.46) | (77.04) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/26/2 005 | 12/1/20 05 | 90292 | Receipt | ☑ | Conver sion - PAY | | (14,217.50) | 0.00 | (14,217.50) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/18/20 05 | 12/26/20 05 | 91172 | Receipt | ☑ | Conver sion - PAY | | (58,694.61) | (55,471.00) | (3,223.61) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/15/2 005 | 1/12/20 06 | 93391 | Receipt | ☑ | Conver sion - PAY | | (89,157.68) | (74,770.00) | (14,120.59) | (267.09) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/9/200 6 | 2/7/200 6 | 94556 | Receipt | ☑ | Conver sion - PAY | | (70,757.63) | (65,132.50) | (5,625.13) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/16/20 06 | 3/14/20 06 | 98288 | Receipt | ☑ | Conver sion - PAY | | (87,872.93) | (80,322.50) | (5,526.20) | (2,024.23) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/20/20 06 | 4/6/200 6 | 428 | Receipt | ☑ | Conver sion - PAY | | (63,765.88) | (49,327.50) | (5,096.69) | (9,341.49) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/7/200 6 | 5/8/200 6 | 2023 | Receipt | ☑ | Conver sion - PAY | | (50,215.75) | (45,092.00) | (5,123.75) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/8/2006 | 6/5/2006 | 4157 | Receipt | ☑ | Conversion-PAY | | (37,926.61) | (36,583.00) | (1,343.61) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/15/2006 | 7/14/2006 | 6077 | Receipt | ☑ | Conversion-PAY | | (56,659.24) | (53,125.50) | (3,533.74) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/11/2006 | 7/28/2006 | 7631 | Receipt | ☑ | Conversion-PAY | | (26,699.60) | (27,481.50) | 781.90 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/26/2006 | 7/26/2006 | 8442 | Receipt | ☑ | CONV Zero Rcpt - Inv: 123391 | | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/9/2006 | 9/5/2006 | 9635 | Receipt | ☑ | Conversion-PAY | | (6,061.24) | (1,597.00) | (4,464.24) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/12/2006 | 10/6/2006 | 11502 | Receipt | ☑ | Conversion-PAY | | (5,727.98) | (5,715.00) | (12.98) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/9/2006 | 5/23/2007 | 13853 | Receipt | ☑ | Conversion-PAY | | (23,861.22) | (23,348.00) | (513.22) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/3/2006 | 12/6/2006 | 15884 | Receipt | ☑ | Conversion-PAY | | (44,211.82) | (43,788.50) | (423.32) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/27/2006 | 1/24/2007 | 19158 | Receipt | ☑ | Conversion-PAY | | (34,590.10) | (31,667.00) | (2,923.10) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/8/2007 | 2/12/2007 | 20135 | Receipt | ☑ | Conversion-PAY | | (33,398.28) | (29,542.00) | (3,856.28) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/13/2007 | 4/2/2007 | 24211 | Receipt | ☑ | Conversion-PAY | | (30,783.61) | (30,175.00) | (608.61) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/7/2007 | 4/24/2007 | 25972 | Receipt | ☑ | Conversion-PAY | | (25,129.16) | (19,907.50) | (5,221.66) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/13/2007 | 4/26/2007 | 28388 | Receipt | ☑ | Conversion-PAY | | (4,947.50) | (4,947.50) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/11/2007 | 6/4/2007 | 30617 | Receipt | ☑ | Conversion-PAY | | (20,637.01) | (19,492.51) | (1,144.51) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/26/2007 | 7/18/2007 | 33749 | Receipt | ☑ | Conversion-PAY | | (870.00) | (870.00) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/10/2007 | 7/31/2007 | 35186 | Receipt | ☑ | Conversion-PAY | | (5,040.62) | (5,037.50) | (3.12) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/31/2007 | 7/31/2007 | 35982 | Receipt | ☑ | Conversion-PAY | | (870.00) | 0.00 | 0.00 | 0.00 | -870.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/31/2007 | 7/31/2007 | 35982 | Receipt | | CONV Zero Rcpt-Inv-53957 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/31/2007 | 8/9/2007 | 35982 | Receipt | ☑ | Conversion-PAY | | 732.16 | 0.00 | 0.00 | 0.00 | 732.16 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/31/2007 | 9/11/2007 | 35982 | Receipt | ☑ | Conversion-PAY | | 137.84 | 0.00 | 0.00 | 0.00 | 137.84 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/9/2007 | 8/9/2007 | 37171 | Receipt | ☑ | Conversion-PAY | | (732.16) | (730.00) | (2.16) | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/11/2007 | 9/11/2007 | 39197 | Receipt | ☑ | Conversion-PAY | | (137.84) | (90.72) | (47.12) | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/11/2007 | 10/11/2007 | 39197 | Receipt | ☑ | Conversion-PAY | | (1,941.78) | (1,941.78) | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/8/2007 | 12/5/2007 | 41449 | Receipt | ☑ | Conversion-PAY | | (1,049.79) | (1,045.00) | (4.79) | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/7/2007 | 12/11/2007 | 43650 | Receipt | ☑ | Conversion-PAY | | (16,663.03) | (15,410.00) | (1,253.03) | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/6/2007 | 12/31/2007 | 46273 | Receipt | ☑ | Conversion-PAY | | (5,708.00) | (5,708.00) | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/9/2008 | 2/13/2008 | 49618 | Receipt | ☑ | Conversion-PAY | | (15,407.00) | (15,407.00) | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/11/2008 | 3/12/2008 | 51756 | Receipt | ☑ | Conversion-PAY | | (26.08) | 0.00 | (26.08) | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/12/2008 | 4/14/2008 | 53725 | Receipt | ☑ | Conversion-PAY | | (343.50) | (343.50) | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/11/2008 | 5/2/2008 | 56158 | Receipt | ☑ | Conversion-PAY | | (179.00) | (179.00) | 0.00 | | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/7/2008 | 5/31/2008 | 57784 | Receipt | ☑ | Conversion-PAY | | (3,713.50) | (3,713.50) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/6/2008 | 7/15/2008 | 60796 | Receipt | ☑ | Conversion-PAY | | (875.52) | (652.00) | (3.96) | (219.56) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/7/2008 | 8/5/2008 | 64015 | Receipt | ☑ | Conversion-PAY | | (621.50) | (621.50) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/6/2008 | 9/11/2008 | 66916 | Receipt | ☑ | Conversion-PAY | | (167.50) | (167.50) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/2008 | 10/6/2008 | 69486 | Receipt | ☑ | Conversion-PAY | | (464.50) | (464.50) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/13/2008 | 11/5/2008 | 72383 | Receipt | ☑ | Conversion-PAY | | (3,306.53) | (3,285.00) | (21.53) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 11/7/2008 | 1/6/2009 | 74342 | Receipt | ☑ | Conversion-PAY | | (8,748.53) | (8,745.00) | (3.53) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/5/2008 | 1/6/2009 | 77224 | Receipt | ☑ | Conversion-PAY | | (5,361.00) | (5,361.00) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/13/2009 | 2/24/2009 | 79952 | Receipt | ☑ | Conversion-PAY | | (4,546.00) | (4,435.69) | (23.67) | (86.64) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/5/2009 | 3/20/2009 | 82510 | Receipt | ☑ | Conversion-PAY | | (17,952.49) | (17,850.00) | (20.44) | (82.05) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

Page 14

InqMatter.ARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3/10/200 9 | 4/20/200 9 | 85273 | Receipt | ☑ | Conver sion - PAY | | (6,809.39) | (6,815.50) | (9.94) | 16.05 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/9/200 9 | 6/5/200 9 | 87504 | Receipt | ☑ | Conver sion - PAY | | (2,995.84) | (1,773.50) | (1,222.34) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/6/200 9 | 7/6/200 9 | 89854 | Receipt | ☑ | Conver sion - PAY | | (3,821.00) | (3,821.00) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/8/200 9 | 5/8/200 9 | 90186 | Receipt | ☑ | CONV Zero Rcpt - Inv. 132429 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/8/200 9 | 5/8/200 9 | 90237 | Receipt | ☑ | Conver sion - PAY | | (110.31) | (110.31) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 6/9/200 9 | 10/2/200 9 | 92413 | Receipt | ☑ | Conver sion - PAY | | (2,757.56) | (2,723.00) | 0.00 | (34.56) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/15/20 09 | 10/9/20 09 | 95191 | Receipt | ☑ | Conver sion - PAY | | (18,465.10) | (18,041.00) | (24.62) | (399.48) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/10/20 09 | 10/2/20 09 | 97483 | Receipt | ☑ | Conver sion - PAY | | (1,595.06) | (1,592.00) | (3.06) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/9/200 9 | 10/30/2 009 | 99643 | Receipt | ☑ | Conver sion - PAY | | (17,487.86) | (17,366.50) | (13.00) | (108.36) | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/5/20 09 | 12/7/20 09 | 1878 | Receipt | ☑ | Conver sion - PAY | | (11,135.20) | (11,098.50) | (36.70) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/6/20 09 | 12/7/20 09 | 4102 | Receipt | ☑ | Conversion-PAY | | (8,173.00) | (8,173.00) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 12/4/20 09 | 12/31/2 009 | 6197 | Receipt | ☑ | Conversion-PAY | | (6,228.00) | (6,228.00) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/18/20 10 | 4/6/201 0 | 80109 | Receipt | ☑ | 461659 1 | JS4-6-10 | (4,733.00) | (4,690.00) | (43.00) | 0.00 | 0.00 | . | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/9/201 0 | 4/26/20 10 | 80703 | Receipt | ☑ | 462540 5 | JS4-26-10 | (5,016.00) | (4,991.32) | (24.68) | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 4/8/201 0 | 5/10/20 10 | 81468 | Receipt | ☑ | 463979 7 | JS5-10-10 | (1,580.50) | (1,580.50) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 5/12/20 10 | 6/29/20 10 | 82747 | Receipt | ☑ | 467195 7 | JS6-29-10 | (483.50) | (483.50) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 7/13/20 10 | 9/7/201 0 | 84353 | Receipt | ☑ | KF 9 7 10 | 4724010 | (4,923.10) | (4,910.50) | (12.60) | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 8/4/201 0 | 10/12/2 010 | 85367 | Receipt | ☑ | 474774 6 | KF 10 12 10 | (2,787.50) | (2,787.50) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 9/8/201 0 | 11/2/20 10 | 85834 | Receipt | ☑ | 476699 9 | vbg 11 02 10 | (3,239.00) | (3,239.00) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 10/6/20 10 | 11/10/2 010 | 86638 | Receipt | ☑ | 477112 0 | KF 11 10 10 | (9,723.50) | (9,723.50) | 0.00 | 0.00 | 0.00 | | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |

1/5/2011 4:24

InqMatterARMasterHistory

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/5/20 10 | 12/31/2 010 | 87353 | Receipt | ☑ | 480817 1 | KF 12 31 10 | (10,719.00) | (10,719.00) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| T | | | | | | | (1,569,672.60) | (1,442,449.82) | (114,366.18) | (12,856.60) | 0.00 | 0.00 | | |

**Description: Write Off**

| Invoice Date | Receipt Date | Invoice Number | Type | Paid | Document | Deposit Number | Total | Fees | Hard Cost | Soft Cost | Other | Unallocated | Matter | Matter Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/6/20 07 | 12/31/2 007 | 46273 | Woff | ☑ | Conversion - WOFF | | (6.00) | 0.00 | (6.00) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/9/200 8 | 3/31/20 08 | 49618 | Woff | ☑ | Conversion - WOFF | | (31.49) | 0.00 | (31.49) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/11/20 08 | 3/31/20 08 | 51756 | Woff | ☑ | Conversion - WOFF | | (26.08) | 0.00 | (26.08) | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 1/13/20 09 | 5/31/20 09 | 79952 | Woff | ☑ | Conversion - WOFF | | (110.31) | (110.31) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 2/18/20 10 | 5/14/20 10 | 80109 | Woff | ☑ | SM 05-14-10 | | (43.00) | (43.00) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| 3/9/201 0 | 5/14/20 0 | 80703 | Woff | ☑ | SM 05-14-10 | | (24.68) | (24.68) | 0.00 | 0.00 | 0.00 | 0.00 | 027916-0001 | Kevin Quinn, Justin Tague, Seth Nye, Kathleen |
| T | | | | | | | (241.56) | (177.99) | (63.57) | 0.00 | 0.00 | 0.00 | | |
| T | | | | | | | 10,846.22 | 0.00 | 743.30 | 10,102.92 | 0.00 | 0.00 | | |

# EXHIBIT "B"

| Timekeeper Name | Work Date | Work Hou | Work Rate |
|---|---|---|---|
| Rosen, Paul | 8/16/04 -11/12/10 | **440.00** | 500 |
| Colantuono, Rocco | 11/30/04 - 10/14/10 | 77.60 | 50 |
| | 5/12/10 - 6/17/09 | 2.20 | 55 |
| | | **79.80** | |
| Siderio, Carol A. | 12/8/05 - 12/12/05 | **20.50** | 125 |
| Braverman, Elliott K. | 6/30/10 - 7/20/10 | **2.50** | 400 |
| Picker, David B. | 12/16/04 - 12/20/04 | 3.60 | 255 |
| | 1/5/05 - 12/29/05 | 739.90 | 260 |
| | 1/3/06 - 8/3/06 | 573.60 | 275 |
| | 8/29/06 - 12/28/06 | 260.70 | 320 |
| | 1/2/07 - 9/27/07 | 189.10 | 325 |
| | 1/4/07 - 12/7/07 | 76.40 | 330 |
| | 2/8/08 - 12/31/10 | 331.70 | 335 |
| | | **2,175.00** | |
| Asch, Marlene | 8/16/2004 | 1.00 | 125 |
| Schiller, Suzanne Ilene | 12/23/2004 | 1.20 | 305 |
| | 1/13/2005 | 1.30 | 325 |
| | 12/4/2007 | 4.60 | 370 |
| | | **7.10** | |
| Bucci, James | 4/13/04 - 8/18/05 | **395.10** | 325 |
| Bellingham, Bruce | 12/27/04 - 12/31/04 | 32.00 | 240 |
| | 1/1/05 - 12/ 04/07 | 67.40 | 290 |
| | | **99.40** | |
| Ebner, Maryanne | 9/6/2005 | **1.00** | 125 |
| Wells, Gregory | 9/3/04 - 9/14/09 | **8.50** | 125 |
| Friedman, Michael | 6/29/04 - 12/7/06 | 416.30 | 150 |
| | 1/3/07 - 1/30/07 | 19.40 | 225 |
| | | **435.70** | |
| Cole, Beth L. | 4/21/04 - 1/11/05 | **238.40** | 225 |
| Smith, Beatrice R. | 12/19/2005 | **0.40** | 130 |
| Adams, Jen | 9/9/04 - 9/30/05 | 11.80 | 275 |
| | 2/22/06 - 10/31/06 | 4.20 | 280 |
| | | **16.00** | |
| Kelly-Forczek, Amy J. | 12/14/04 - 12/30/04 | 22.50 | 125 |
| | 1/3/05 - 12/30/05 | 456.20 | 130 |
| | 1/9/06 - 9/14/06 | 319.40 | 135 |

|  |  | 798.10 |  |
|---|---|---|---|
| Seng, Nary | 12/17/04 - 10/18/07 | 24.40 | 50 |
| Carrizo, Gina | 7/14/04 - 6/19/06 | 29.00 | 50 |
| Vinson, Leonard | 11/15/04 - 8/25/09 | 33.80 | 50 |
| Link, Joyce | 8/9/05 - 12/28/05 | 303.60 | 300 |
|  | 1/3/06 - 10/18/06 | 223.10 | 325 |
|  |  | 526.70 |  |
| Gallucci, Jr;  Richard D. | 12/4/2007 | 3.40 | 305 |
| Vollmer, Lauren | 4/17/06 - 5/23/06 | 2.10 | 50 |
| Rogan, Pam | 10/20/08 - 10/22/08 | 1.00 | 155 |
| Caza, Jacqueline | 10/16/06 - 9/24/07 | 231.40 | 150 |
|  | 10/2/07 - 11/25/07 | 15.00 | 155 |
|  | 2/12/08 - 12/8/10 | 251.80 | 160 |
|  |  | 498.20 |  |
| Bookbinder, Michael | 7/1/10 - 7/8/10 | 3.40 | 295 |
|  | Total Hours | 5,840.50 |  |

# EXHIBIT "C"

| Timekeeper Name | Title |
|---|---|

**Rosen, Paul R.**
Senior Partner and Chair of Commercial Litigation Department, with over 45 years experience in commercial litigation matters.  Philadelphia Common Pleas Court Judge *Pro Tem*                                    Partner

**Picker, David B.**
30 years experience in commercial litigation.  Arbitrator in New York City     Sr. Associate
Small Claims and Philadelphia Common Pleas Courts.

**Bucci, James**                                                              Partner
20 years experience in the area of employment law.

**Braverman, Elliott K.**                                                     Partner
Has over 40 years experience in tax-related legal matters, and Chair of Income
Tax Department.

**Link, Joyce**
Over 26 years experience in commercial litigation. A partner with Bricker &     Partner
Eckler, LLP in Cincinnati, Ohio and a former Ohio Assistant Attorney General
for the Court of Claims Defense section, prior to working at Spector Gadon &
Rosen.

**Schiller, Suzanne Ilene**                                                    Partner
Over 23 years experience in commercial litigation.

**Bookbinder, Michael**                                                       Sr. Associate
Over 17 years experience in tax related matters.

**Gallucci, Jr.,  Richard D.**                                               Sr. Associate
Over 12 years experience in commercial litigation.

**Adams, Jen**                                                                Associate
Over 10 years experience in litigation/real estate matters.

**Bellingham, Bruce**                                                         Associate
Over 13 years experience in commercial litigation.   Holds a Ph.D. in
Sociology and J.D. from University of Pennsylvania Law School.

**Cole, Beth L.**                                                             Associate

**Friedman, Michael**                                                         Associate
Over 9 years experience in employment law.

**Asch, Marlene**                                             Paralegal
Twelve years' experience as litigation paralegal.

**Caza, Jacqueline**                                          Paralegal
Over 17 years experience in litigation matters.  B.S. from Drexel University in
Business Administration.

                                                             Paralegal
**Ebner, Maryanne**
Over 22 years experience as a litigation paralegal.

**Kelly-Forczek, Amy J.**
Experienced litigation paralegal                             Paralegal

**Rogan, Pam**                                               Paralegal
Over 5 years experience in litigation.

**Siderio, Carol A.**                                        Paralegal

**Smith, Beatrice R.**                                       Paralegal

**Wells, Gregory**                                           Paralegal
                                                             Mailroom
**Colantuono, Rocco**                                        Supervisor

**Carrizo, Gina**                                            Clerk

 **Seng, Nary**                                              Clerk

**Vinson, Leonard**                                          Clerk

**Volmer, Lauren**                                           Clerk

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH PICHLER, RUSSELL, CHRISTIAN, SETH NYE, HOLLY MARSTON, KEVIN QUINN, JOSE L. SABASTRO, THOMAS RILEY, AMY RILEY** and **RUSSELL DAUBERT**, On Behalf Of Themselves And All Others Similarly Situated,<br>Plaintiffs,<br>v.<br><br>**UNITE (UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES AFL-CIO),**<br>Defendants. | : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. **04-CV-02841** |

**DECLARATION OF ALAN B. EPSTEIN IN SUPPORT
OF PLAINTIFFS' MOTION FOR AWARD
OF ATTORNEYS' FEES FOR PLAINTIFF CLASS'S COUNSEL**

  I, Alan B. Epstein, Esquire, hereby declare under penalties of perjury that the following

facts are true and correct to the best of my knowledge, information and belief:

  1.  I am a trial attorney of extensive background and have been admitted to the

practice of law before the Supreme Court of Pennsylvania since 1970.  I am also admitted to

practice before the United States District Courts for the Eastern and Middle Districts of

Pennsylvania, the Third Circuit Court of Appeals, for the Fifth Circuit Court of Appeals, for the

Ninth Circuit Court of Appeals, and for the United States Supreme Court.  My qualifications,

experience and reputation have merited an "AV" rating in Martindale-Hubbell (attached hereto

as Exhibit "2"), a listing of me as one of the <u>Best Lawyers in America</u> in the publication of that

name for more than 10 years, a listing in Who's Who in American Law since 1990, and

recognition by his peers as one of the "Top 100 Pennsylvania and Philadelphia Super Lawyers."

I have also been selected as one of the nation's "Top 500 Litigators", "Top 500 Plaintiff's

Lawyers", and "Top 500 Leading Lawyers" by the publication <u>Law Dragon</u>, for 2006, 2007 and 2010.

2.　　I have participated as a private attorney in hundreds of cases in state and federal courts since 1971, and have served as lead counsel in class actions and as lead trial attorney in individual actions in federal courts including, the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, United States District Courts for the Districts of New Jersey, New York, Washington, and Delaware, and in the state courts in Pennsylvania, New Jersey, and Delaware (pro hac vice admission).

3.　　In connection with my work with the Plaintiffs' Employment Panel of the United States District Court for the Eastern District of Pennsylvania and my extensive work as referral counsel accepting cases from other lawyers, I have knowledge of the rates charged by lawyers and paralegals in the communities in which I practice, including those in Southeastern Pennsylvania and the Philadelphia area.

4.　　I have reviewed the chart attached as Exhibit B to the Motion For Attorneys' Fees. I am personally familiar with the skill and experience levels of the attorneys and paralegals listed therein. It is my considered opinion that the hourly rates set forth for each attorney and paralegal is reasonable and commensurate with their level of experience and skill, and commonly charged by attorneys, and paid for by clients, in the context of complex litigation matters in the Philadelphia legal market..

5.　　In addition, as a member of the firm's Executive Committee, I know that these are the billing rates established and reviewed on a yearly basis, and from time to time modified, by Spector Gadon & Rosen, and that the listed rates are those at which the firm normally bills for non-contingent legal services.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   January 2, 2011

_____
Alan B. Epstein, Esquire