IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH PICHLER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITE (UNION OF NEEDLETRADES, | : | |
| INDUSTRIAL & TEXTILE EMPLOYEES | : | |
| AFL-CIO) | : | NO. 04-2841 |

<u>ORDER</u>

AND NOW, this 22nd day of February, 2011, upon consideration of plaintiffs' motion for final approval of settlement of certified class action and entry of final judgment (docket no. 311), and motion for award of attorneys' fees for plaintiffs' class counsel (docket no. 310) and the memorandum submitted in support thereof (<u>see</u> <u>also</u> docket no. 312), and after a hearing on February 18, 2011 at which no putative class member appeared or objected to the Settlement Agreement, and the Court finding that notice has been given to all potential Class Members by first class mail and thereby satisfies Fed. R. Civ. P. 23 (e)(1), 28 U.S.C. § 1715(b) and due process, and that the settlement and proposed award of attorneys' fees and costs is fair, reasonable and adequate for the reasons canvassed in the accompanying Memorandum, it is hereby ORDERED that:

      1.    The motions are GRANTED;

      2.    The Settlement Agreement is APPROVED as fair,

reasonable and adequate pursuant to Fed. R. Crim. P. 23 and the parties are DIRECTED to consummate the Settlement Agreement in accordance with its terms;

    3. Upon entry of this Order and Judgment the Class Members are BOUND by the terms and exclusive remedies for all claims as provided in the Settlement Agreement;

    4. This action is DISMISSED WITH PREJUDICE subject to the reservation of this Court's jurisdiction set forth below;

    5. All Class Members are deemed to have released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), on behalf of themselves and their agents, heirs, executors and administrators, successors, insurers, attorneys, representatives, and assigns, each of UNITE, UNITE HERE, and Workers United and any affiliated corporations, predecessors, successors, subsidiaries, and purchasers, and their insurers, attorneys, employees, agents, representatives, officers, directors, managers, members, assigns, heirs, personal representatives and all other persons, firms or corporations with whom any of the former have been, are now, or may hereafter be acquired and/or affiliated (the "Releasees"), of and from any and all past, present or future legal and equitable claims, demands,

obligations, actions, causes of action, damages, costs, liabilities, expenses and compensation of any kind or nature whatsoever, known or unknown, asserted or not asserted, accrued or not yet accrued, arising from or relating to UNITE's alleged obtainment, use and/or disclosure of the Class Members' motor vehicle information during the period July 1, 2002 through October 13, 2004 which were or could have been brought in this action; <u>provided</u>, <u>however</u>, that such Release will not release the Releasees from any obligations they have assumed pursuant to this Settlement Agreement;

      6.   No Class Member shall recover, directly or indirectly, any sums for claims released by operation of the Settlement Agreement from Releasees, other than sums received under the Settlement Agreement, and Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of the Settlement Agreement;

      7.   In any action brought by a Class Member against any non-party arising out of or related to any claims in this action, should any non-party sued by a Class Member file a claim or cause of action against any Releasee for contribution or indemnification, however denominated, arising out of or related

to the claims in this action, Class Members shall be deemed to have agreed to reduce or remit any judgment against the non-party by the percentage, amount or share necessary under applicable law to fully discharge and relieve Releasees of liability to the non-party for claims for contribution and indemnification, however denominated;

       8.   The provisions of the Settlement Agreement and any claim thereunder constitute a good faith Settlement under California Civil Code §§ 877 and 877.6 and comparable laws in other states and named plaintiffs, Class Counsel and Class Members shall cooperate fully in any effort of Releasees to establish such good faith settlement before any court (including, without limitation, by joining in any motion or other procedure and providing declarations and other evidence to establish such good faith settlement where requested by any Releasee) and that all payments made under the Settlement Agreement relate to claims arising out of, or related to, this action;

       9.   If any non-party sued by a Class Member obtains a judgment against any Releasee for contribution or indemnification, however denominated, arising out of or related to the underlying facts of this action, Class Members shall reduce or remit their judgment against the non-party by the

amount of the non-party's judgment against the Releasee not to exceed the amount of that portion of the judgment for which the non-party obtains contribution or indemnification, however denominated, so as to fully satisfy the non-party's judgment against the Releasee;

      10.  In the event that any Class Member seeks to invoke California Civil Code § 1542 -- which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the relate, which if known to him must have materially affected his settlement with the debtor" -- or any other like provision of law in connection with the claims in this action, the Class Members and each of them are deemed to have expressly waived the provision of California Civil Code § 1542 (and all other like provisions of law) to the full extent that these provisions may be applicable to this Release.  Each of the Class Members is deemed to have assumed the risk that facts additional, different, or contrary to the facts, which each believes or understands to exist, may now exist or may be discovered after this Settlement Agreement becomes effective and each of the Class Members is deemed to have agreed that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the

foregoing release, which shall remain in full force and effect;

11. All Class Members are hereby ENJOINED from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving ay benefits from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on or relating to the claims in this action, or the facts and circumstances relating thereto; in addition, all persons are hereby ENJOINED from filing, commencing, prosecuting, or maintaining any other lawsuit as a class action on behalf of Class Members, if such class action is based on or relates to the claims in this action, or the facts and circumstances relating hereto.  The Court FINDS that the issuance of this injunction is necessary and appropriate in aid of the Court's jurisdiction over this action, and no bond is necessary for issuance of this injunction;

12. UNITE is deemed to have released and forever discharged (as by an instrument under seal without further act by any person, and upon good and sufficient consideration), the named plaintiffs, the former plaintiffs, Class Counsel, and Class Counsel's law firm Spector Gadon & Rosen, P.C. and all of its current and former partners, associates, attorneys and employees

from any and all past, present or further legal and equitable claims, demands, obligations, actions, causes of action, damages, costs, liabilities, expenses and compensation of any kind or nature whatsoever, known or unknown, asserted or not asserted, accrued or not yet accrued, arising from this prosecution of this action;

      13. Class Counsel's request for fees and expenses in the amount of One Million Dollars is APPROVED and UNITE shall REMIT this award to Class Counsel from the escrowed Settlement Funds within thirty days of the Settlement Effective Date;

      14. This Court shall RETAIN jurisdiction of this matter in order to resolve any dispute that may arise in the implementation of the Settlement Agreement or the implementation of this Order and Judgment;

      15. The Honorable Jacob P. Hart, United States Magistrate Judge is hereby AUTHORIZED and APPOINTED to serve as Independent Claims Administrator in accordance with § 8.13 of the Settlement Agreement and Judge Hart shall, as provided in the Settlement Agreement, resolve any issue regarding whether a Claimant is an Eligible Claimant with the meaning of the Settlement Agreement in the event that Class Counsel and UNITE's counsel disagree about such eligibility;

16. UNITE and its officers, employees and agents are hereby PERMANENTLY ENJOINED from using or disclosing any personal information of the Class Members that UNITE obtained in violation of the Driver's Privacy Protection Act, 28 U.S.C. §§ 2721-2725;

17. Neither the Settlement Agreement nor the Settlement approved therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim, or any wrongdoing or liability of any Releasee, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  UNITE may file the Settlement Agreement or this Order and Judgment in any other action that may be brought against it related to the claims in this action in order to support a defense or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim;

18. In the event that the Settlement Agreement does not become effective, is terminated, or is disapproved by any

appellate court, then this Order and Judgment shall be rendered null and void, and in such event, all orders entered and releases delivered in connection therewith shall be null and void; and

19. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

\_\_\s\Stewart Dalzell